SAMUEL FELDMAN, PROSECUTOR, v. CHARLES BRAUNSTEIN, RESPONDENT.

Submitted January 15, 1915—Decided March 29, 1915.

Under the Workmen's Compensation act the court must determine the compensation only on the facts before it, not upon uncertain possibilities of the future; hence, when the injury sustained by the petitioner was a very serious injury to his eye, which would be permanent unless a successful operation was performed, the case should have been treated by the court as one of permanent, and not temporary, disability.

On *certiorari* to the Hudson Pleas.

Before Justice SWAYZE.

For the prosecutor, *Kalisch & Kalisch.*

For the respondent, *Gross & Gross.*

The opinion of the court was delivered by

SWAYZE, J. This is a case under the Workmen's Compensation act. The petitioner received a very serious injury in the eye. The judge found that the injury was temporary in character if an operation was performed, but that if an operation was not performed the injury was permanent and amounted to ninety per cent. of the loss of an eye. He, therefore, as he said, in order to allow the petitioner to undergo an operation, determined that the injury was temporary and that the petitioner was entitled to receive compensation for his injury during such disability or until a further application was made, not to exceed three hundred weeks. Under the statute the compensation for the loss of an eye is limited to pay for one hundred weeks. I think the learned trial judge erred in basing his award of compensation upon the theory of a temporary disability, when, as he himself found, the disability was permanent unless there was an operation. Whether the petitioner would submit to an operation rested on his will alone, and he had nothing to gain pecuniarily by taking the risk that necessarily attends all operations. If it succeeded his weekly compensation would stop. If it failed, his injury would be permanent and he would be entitled to compensation for one hundred weeks only instead of for three hundred. It is clear that the legislature never meant to put the control in the hands of one party alone. It is for the court, under the statute, to determine the compensation and the court can act only on the facts before it, not upon the uncertain possibilities of the future. The proper course was to deal with the case exactly as it stood at the time, that is, a case of permanent disability, and to allow compensation for one hundred weeks. If the petitioner then

chose to submit to an operation, and was cured, the extent of the intervening temporary disability would be known and the weekly compensation could be terminated upon application to the court for a modification of the order as the statute authorizes. If the operation proved a failure the award for permanent disability would stand.

I think it unnecessary to deal with the technical question raised with reference to the judgment. The trial judge did not file his determination until after the writ of *certiorari* was allowed; the dismissal of the writ on that ground would merely result in a new writ. As to the costs the action of the trial judge was authorized by the statute.