MICHAEL F. MAHONEY *vs.* THE GAMBLE-DESMOND COMPANY (GAMBLE-DESMOND COMPANY'S APPEAL FROM COMPENSATION COMMISSIONER).

Third Judicial District, New Haven, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A father who is physically unable to work and has no income other than the wages of his minor son, is "dependent" upon the earnings of the latter within the meaning of the Workmen's Compensation Act of this State, regardless of whether the son is a financial asset and whether his death is a financial injury to his father; and in this respect our statute differs from the English Act.

The respondent insisted that the father, if dependent, was not entitled to recover compensation for a greater period than that which might reasonably be required to cure his physical disability, hernia, through a surgical operation; in analogy to the rule applied to an employee who refuses to undergo medical or surgical treatment which will relieve or remove his incapacity to work at his trade. *Held* that if this rule were to be adopted at all, the findings of fact bearing upon the question were too meagre and indefinite to warrant its application in the present case.

Section 10 of the Workmen's Compensation Act provides that a husband shall be conclusively presumed to be totally dependent upon his wife with whom he lives at the time of her injury; and therefore the respondent contended that the claimant could not have been totally dependent upon his minor son also. *Held* that this presumption of dependency of a husband upon his wife, which might or might not be true in point of fact, did not arise until the wife was injured; and that the question of dependency in the present case was to be determined, as directed by § 10, "in accordance with the fact" existing "at the time of the injury."

The compensation commissioner allowed $50 to the assistant surgeon in an operation performed upon the injured son in an effort to save his life, although finding that one half that sum would be ample under ordinary circumstances. *Held* that the respondent was not justly chargeable, under the situation described, with the additional amount.

Argued January 19th—decided March 15th, 1916.

APPEAL by the respondent from the finding and award of the Compensation Commissioner for the third district, taken to and heard by the Superior Court in New Haven County, *Curtis, J.*, who found the issues for the claimant and rendered judgment dismissing the appeal, from which the respondent appealed. *Error in part and cause remanded.*

The claimant, Michael F. Mahoney, was awarded compensation as a dependent upon his son, Leo Mahoney, who died in consequence of an injury arising out of and in the course of his employment by the respondent. The deceased was a boy fifteen years old earning $3.50 a week. The father was a man of forty years, and until about five months before the boy's death was employed as a master mechanic. During the last two years of his employment he suffered from a double inguinal hernia, and became for that reason incapacitated from earning any substantial amount for about five months before the son's injury.

Leo Mahoney lived with his father, and the family included the mother and two minor children. Leo brought all of his wages home and gave them to his father. At and before the time of the injury the father had no income except the boy's earnings, and the family expenses during the five months of the father's idleness, and at the time of the boy's injury, were paid out of the boy's wages and out of accumulated savings and borrowed money. It did not appear that the expense of the boy's support, as the family were living at the

time of the injury, was less than $3.50 per week. It is found that the father's condition "called for and now calls for an operation," but that owing to a supposed unfavorable family history he was and is unwilling to submit to an operation. Other facts are stated in the opinion.

*Ralph O. Wells,* for the appellant (respondent).

*Arthur B. O'Keefe* and *John Cunliffe, Jr.,* for the appellee (claimant).

BEACH, J. The first and most important question raised by this appeal is whether, under the facts found, the Superior Court erred in sustaining the commissioner's ruling that Michael F. Mahoney was dependent upon his son Leo. Dependency is to be determined under our Act (Public Acts of 1913, chapter 138, § 10, p. 1739) in accordance with the fact as the fact may be at the time of the injury; and dependents are defined as members of the injured family or next of kin who were wholly or partly dependent on the earnings of the employee at the time of his injury. The respondent's claim is, that the true inquiry is whether the deceased was a financial asset to the alleged dependent, and that the mere fact that the boy's earnings entered the common family fund is not material unless those earnings exceeded the cost of his maintenance. The burden of proof, it is said, is upon the claimant, and that on the finding it has not been established that the expense of the boy's support was less than his weekly wage; hence, it is claimed, there is no legal foundation for the finding of dependency.

The respondent's contention finds support in two English cases of partial dependency. *Main Colliery Co., Ltd.* v. *Davies,* L. R. (1900) App. Cas. 358; *Tamworth Colliery Co., Ltd.* v. *Hall,* L. R. (1911) App. Cas.

665. The English Workmen's Compensation Act provides that in cases of partial dependency the amount recoverable shall be reasonable "and proportionate to the injury to the said dependents." This language required the English courts, in cases of partial dependency, to look into the question whether the deceased was a financial asset and whether his death was a financial injury to the dependent. On the other hand, our Act makes the sole test one of dependency upon the earnings of the deceased at the time of the injury, and fixes the minimum award in cases where the injury results in death at $5 per week. We are not, therefore, required in this case to strike a balance between the boy's earnings and the cost of his maintenance, with a view to ascertaining whether his death was a financial injury to the father. We are only to determine whether, at the time of the injury, the father was dependent upon the boy's earnings within the meaning of the Act. As to this we think there can be no doubt. It was the father's duty to support the boy, and it was his right to receive the boy's wages. The boy did not, as the respondent argues, give to the father his pay envelope in exchange for maintenance. Nor did the father maintain the boy in exchange for his wages. The boy's wages belonged to the father. Whatever earnings the boy turned over to his father were used by the father in discharging his legal obligation to support his family; and as the father had no other income at the time of the injury, he was plainly dependent on the boy's earnings for his means of living, within the definition laid down in *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 Atl. 245.

The next question is whether the father was entitled to compensation on the ground of physical disability for a period in excess of that reasonably required to complete the cure of his hernia. The attempt is to

Mahoney v. Gamble-Desmond Co.

apply to a dependent, whose dependency is due to physical incapacity, the same rule that has been applied to an employee who refuses to undergo medical or surgical treatment which will relieve or remove his incapacity to work at his trade. In such cases the rule laid down in England and recently in Massachusetts, *Floccher's Case*, 221 Mass. 54, 108 N. E. 1032, seems to be that unless the claimant by reason of some idiosyncracy will be subjected to unusual risk and danger thereby, it is his duty to submit to a surgical operation if it fairly and reasonably appears that the result of such operation will be a real and substantial physical gain.

We think, however, that this record does not present any findings of fact which call for a determination of that question at this time. The finding that Michael F. Mahoney's condition "called for and now calls for an operation," is not sufficiently definite to enable us to say that the rule, if we should adopt it, ought to be applied to this case. There ought to be an explicit finding of the probable favorable result of the operation and of the unreasonable refusal to submit to such operation, before it can be said that the right to continued compensation has been lost.

The respondent also claims that, because § 10 of the Act provides that a husband shall be conclusively presumed to be totally dependent upon a wife with whom he lives at the time of her injury, and since such dependency could not be created by the injury, there is established by the Act a conclusive presumption of mutual and total dependency in every case where husband and wife live together. From this it is argued that the claimant could not have been totally dependent upon his minor son also. The answer is that the dependency of a husband upon a wife is based upon a presumption which may not be true in fact and

which does not arise until the wife is injured, and that the Act further provides that "in all other cases questions of dependency, total or partial, shall be determined in accordance with the fact, as the fact may be at the time of the injury."

There is one reason of appeal which we think is well taken, and it relates to the fact that an operation was performed upon the boy in the attempt to save his life. The operation was performed by Doctor Verdi, and before Doctor Verdi was consulted Doctor Slattery was originally summoned by the claimant to perform the operation and left his office during office hours for the purpose of performing it. In the meantime Doctor Verdi had been engaged and for that reason Doctor Slattery acted merely as assistant. The finding of the commissioner is that "under ordinary circumstances a charge of twenty-five dollars for an assistant would be ample, but under the circumstances of this case fifty dollars is a reasonable charge." We think the respondent cannot be answerable for the additional charge of $25 under these circumstances.

There is error in part and the cause is remanded to the Superior Court with direction to modify its judgment to conform to this opinion.

In this opinion the other judges concurred.