Fulgencio Díaz Mulet, Plaintiff and Appellant, *v.* José G. López, Etc., Defendant and Appellee.

No. 6434. Argued November 16, 1933.—Decided September 29, 1934.

*Edelmiro Martínez Rivera* for appellant. *J. Henri Brown, C. Ruiz Nazario, G. E. González* and *G. Benítez Gautier* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

From 1916 to the 23rd of August, 1932, the appellant was a nurse in the "Asilo de Niños." On or about 1921 he became a member of the Association of Employees. In July 1932 he resigned, his resignation to take effect on August 23, 1932. The cause of action, as set up by him, was that he was physically incapacitated by reason of both his eyes being affected by a cataract and because of old age. He was 73 years old. He made an application for a benefit of a policy of insurance setting up that he had complied with all the rules. The application was denied.

All the facts in regard to his suffering from cataract were proved by him at the trial which resulted in an adverse judgment. We think it may be fairly deduced from the opinion of the court below that one of the questions to decide was whether cataract in both eyes is within the category of a permanent disability. Not entirely without reason the appellant sets up that from the testimony he could not expect to have a cure effected within two years, and this would be equivalent to a present permanent incapacity.

There was some conflict in the testimony of the experts at the trial, but the better opinion was that an operation for cataract was, in general, harmless and that cures could be effected in something like 80% of the cases.

It is true, as alleged by appellant, that no one can compel him to undergo an operation, but the general conclusion at which we have arrived is that until a man with cataract does submit the courts are unable to say that there is a permanent disability.

■ The first assignment of error was directed to the contention that there should properly be no question of permanent incapacity under the facts of this case; that the petitioner and appellant joined the Association of Employees in 1921 when the law put no such condition of a permanent incapacity for a person retiring from service. The appellee points out that the petitioner himself in his application and otherwise claimed the benefits of the law as subsequently amended and sought a benefit under Class A and subdivisions that did not exist in 1921. We are also of the opinion that while to a certain extent the Association of Employees is a private and not totally a governmental one, yet the Legislature has the right to control the association created by it and change conditions reasonably without the impairment of the constitutional rights of an employee.

■■ The second assignment of error relates to the question of permanent incapacity to which we have referred. For decisions pro and con both sides have referred to cases happening under the Workmen's Compensation Law. Under the Workmen's Compensation Act an employee must submit to a reasonable operation or one that is ordinarily safe. *Mahony* v. *Gamble Desmond Co.*, 90 Conn. 255, 96 Atl. 1025, L.R.A. 1916 E 110; 28 R.C.L. 1815; Schneider, Workmen's Compensation Law Vol. II, pars. 428 and 496.

Contrary cases where cataract is concerned were also shown. A specific ruling against petitioner is to be found

in *Joliet Motor Co.* v. *Industrial Board,* 117 N.E. 423, (Ill.). The court held that when blindness was caused by a cataract from injury and an operation would not be attended by any risk, the employee is not entitled to compensation until such an operation is performed. A case to the contrary will be found in *Feldman* v. *Braunstein,* 87 N.J.L. 20, 93 Atl. 679. We hold that the better reason lies with the cases that decide that so long as a cure can be effected without great risk, the courts are unable to say that there is a permanent incapacity. All Workmen's Compensation Acts and similar acts are liberally construed in one sense, that is, when the question arises on the facts or the law and where a particular case is doubtful. On the other hand, the courts also decide that they are powerless to extend the terms of a statute beyond the limitations fixed by the legislature; that the case must fall within the specific terms of the statute.

It is universally held that where an improvement could take place by the use of eyeglasses, the employee is bound to use them before he can recover compensation. No different principle is involved where a relative mild operation is concerned.

We have some idea that the court was justified in holding that the appellant had not followed the procedure required by law, but perhaps if he had been permanently incapacitated some way could be found by which he could present his claim; likewise, the question whether the board of employees did not waive such a necessity. The other assignments of error have therefore become unimportant or have been touched upon by us in the course of this opinion. We agree with the appellee that the old age of the petitioner should play no role in this decision.

The judgment appealed from should be affirmed.