FULGENCIO DÍAZ MULET, demandante y apelante, *v.* JOSÉ G. LÓPEZ, PRESIDENTE DE LA ASOCIACIÓN FONDO DE AHORRO Y PRÉSTAMO DE LOS EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, demandado y apelado.

No. 6434.—*Sometido:* Noviembre 16, 1933. *Resuelto:* Septiembre 29, 1934.

*Edelmiro Martínez Rivera,* abogado del apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González.* y *G. Benítez Gautier,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Desde 1916 hasta el 23 de agosto de 1932 el apelante fué ayo del Asilo de Niños. Allá para el año 1921 se hizo miembro de la Asociación de Empleados. En julio de 1932 presentó su renuncia, para tener efecto el 23 de agosto de 1932. La presente causa de acción, según fué expuesta por él, se fundó en que se hallaba físicamente incapacitado, toda vez que tenía ambos ojos afectados por catarata y por razón de su avanzada edad. Tenía unos 73 años. Solicitó que se le pagara su póliza de seguro y alegó que había cumplido con todos los requisitos. Su solicitud fué denegada.

Todos los hechos relativos a su padecimiento de catarata fueron probados por él durante el juicio, el que tuvo por resultado una sentencia adversa. Creemos que de la opinión de la corte inferior se puede colegir lógicamente que una de las cuestiones a resolver lo era si catarata bilateral participa de una incapacidad permanente. No enteramente sin razón el apelante alega que de conformidad con la prueba, él no podía esperar curarse dentro de dos años, y esto equivaldría a una incapacidad real permanente.

Durante el juicio hubo conflicto en el testimonio de los peritos, mas la mejor opinión fué que la operación de catarata era por lo general poco peligrosa y que se tenía probabilidad de éxito en el 80 por ciento de los casos.

Es cierto, según alega el apelante, que nadie puede obligarle a someterse a una operación, pero la conclusión general a que hemos llegado es que hasta el momento en que una

persona que padece de catarata se somete a tal operación, las cortes no están en condiciones de decir que existe una incapacidad permanente.

El primer señalamiento de error se dirigió a la contención de que bajo los hechos de este caso no debería haber en realidad cuestión alguna de incapacidad permanente; que el peticionario y apelante se hizo miembro de la Asociación de Empleados en 1921 cuando la ley no exigía tal incapacidad permanente para un empleado que se retirara del servicio. El apelado indica que el peticionario mismo en su solicitud y en alguna otra forma se acogió a los beneficios de la ley tal cual fué posteriormente enmendada y solicitó el pago del seguro de la clase A, y bajo otros incisos que antes no existían. Somos igualmente de opinión de que si bien hasta cierto punto la Asociación de Empleados es una entidad privada y no una totalmente gubernamental, sin embargo, la Legislatura tiene el derecho de controlar la Asociación por ella creada y modificar razonablemente sus condiciones, sin menoscabar los derechos constitucionales de un empleado.

El segundo señalamiento se refiere a la cuestión de incapacidad permanente a que ya hemos hecho referencia. Para decisiones en pro y en contra, ambas partes nos han referido a casos ocurridos bajo la ley de Indemnizaciones a Obreros. De acuerdo con ésta un empleado debe someterse a una operación razonable o a una que de ordinario sea segura. *Mahony* v. *Gamble Desmond Co.,* 90 Conn. 255, 96 Atl. 1025, L.R.A. 1916 E. 110; 28 R.C.L. 1815. Schneider, *Workmen's Compensation Law, Vol. II pars.* 428 y 496.

También se presentaron casos de cataratas que se pronuncian en sentido contrario. Una resolución específica contra el peticionario es el de *Joliet Motor Co.* v. *Industrial Board,* 117 M. E. 423, (Ill.). La corte resolvió que cuando la ceguera era causada por catarata proveniente de lesiones y una operación no acarreaba peligro alguno, el empleado no tenía

derecho a compensación de ninguna clase hasta tanto se practicase tal operación. Un caso en sentido contrario puede hallarse en *Feldman* v. *Braunstein,* 87 N.J.L., 20, 93 Atl. 679. Resolvemos que el mejor criterio está de parte de aquellos casos que deciden que mientras el padecimiento pueda curarse sin gran riesgo las cortes no están en condiciones de decir que existe una incapacidad permanente. Todas las leyes de Indemnizaciones a Obreros y todas las similares se interpretan liberalmente en un sentido o sea cuando la cuestión surge de los hechos o de la ley y cuando un caso específico es dudoso. Por otra parte, las cortes también han resuelto que carecen de facultad para extender los términos de un estatuto más allá de los límites fijados por la legislatura y que el caso debe caer dentro de los límites específicos del mismo.

Se ha resuelto universalmente que cuando se puede lograr una mejoría usando cristales, el empleado está obligado a hacerlo así antes de poder obtener compensación. No existe un principio distinto cuando está envuelta una operación relativamente fácil.

Tenemos alguna idea de que la corte inferior estuvo justificada al resolver que el apelante no había seguido el procedimiento provisto por la ley, pero si hubiese quedado permanentemente incapacitado tal vez podría hallarse algún modo en que pudiera presentar su reclamación; igualmente podemos decir en lo atinente a la cuestión de si la Junta Directiva no renunció tal necesidad. Por tanto, los otros señalamientos de error carecen de importancia o han sido ya tratados por nosotros en el curso de esta opinión. Convenimos con el apelado en que la vejez del peticionario no debe desempeñar papel alguno en este caso.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino.