THOMAS O'SHEA *vs.* REMINGTON-RAND, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 2d—decided May 7th, 1935.

*John T. Monzani,* for the appellant (defendant).

*John J. Cullinan,* for the appellee (plaintiff).

BANKS, J.   The plaintiff's minor son was killed in an industrial accident.   The compensation commissioner found that plaintiff was a partial dependent of his son to the extent of $5 a week.   The Superior Court upon appeal found that he was partially dependent to the extent of $18.80 a week.   The Compensation Act provides that in case of fatal injuries the compensation received by a partial dependent shall be "half of the average weekly earnings of the deceased at the time of the injury, provided that the amount so paid shall not be more than twenty-one dollars weekly, nor less than five dollars weekly, nor, if the average weekly sum contributed by the deceased at the time of the injury to those partially dependent be more than five dollars weekly, not more than the sum so contributed."   General Statutes, § 5234 (c). The sole question upon this appeal is whether the plaintiff is entitled to half the weekly wages of the deceased, as held by the trial court, or to only the minimum compensation of $5, as held by the compensation commissioner.

The commissioner found the following facts: The deceased was seventeen years old, and left surviving him his father and a sister aged thirteen.   His average weekly wages were $18.80.   He had always given his father his entire wages each week which, added to his father's wages when employed, took care of the living expenses of the three members of the family.   The

father had no bank account and no income other than his earnings and those of his son. He relied upon the money he received and expected to receive from his son for his support, and did not have sufficient financial resources to sustain himself and family without this contribution, and was a partial dependent of his son within the meaning of the Compensation Act. The commissioner further found that the plaintiff was a partial dependent of his son to the extent only of $5 a week, the minimum weekly compensation recoverable under the act. This finding is a conclusion of fact from the subordinate facts in the finding. It finds no support in these subordinate facts. The act provides that the compensation to be paid to a partial dependent shall be half of the average weekly wages of the deceased provided that the amount paid shall not be less than $5 nor more than the amount actually contributed to his support. The amount actually contributed is found to have been the son's entire wages of $18.80, and it is also found that the father relied upon this contribution for his support. It follows that upon the finding he was entitled to receive as compensation the sum of $9.40 weekly, being half of the average weekly wages of his son.

The plaintiff, while claiming that the conclusion of the commissioner that he was dependent only to the extent of $5 weekly was inconsistent with the subordinate facts found, also asked to have all of the evidence certified in support of his motion to have the finding corrected to state that he was in fact dependent to the extent of $18.80 a week. The only evidence certified was that of the plaintiff who testified as to the amounts which he spent for his son's maintenance which averaged about $13.75 a week. This is $5.05 less than the amount turned over each week by

the son to his father. The defendant claims that this sum, being the net benefit which the plaintiff received from his son's payments, was the amount of his actual contribution, and therefore the measure of his dependency. It was the right of the father to receive his son's earnings as well as his duty to support him, and whatever earnings the latter turned over to him were used by him in discharge of his legal obligation to support his family. The measure of his dependence was, not the net benefit which he received from the payments made by the son, but the total amount so contributed. *Draus* v. *International Silver Co.,* 105 Conn. 415, 422, 135 Atl. 437; *Mahoney* v. *Gamble-Desmond Co.,* 90 Conn. 255, 257, 96 Atl. 1025;' *Murphy's Case,* 218 Mass. 278, 105 N. E. 635.

The plaintiff testified that he earned $16 a week, and that the amount he spent for his own support and that of his daughter averaged $20.50 a week. The defendant contends that the difference between these two sums, $4.50, could be said to be the amount of the necessary contribution made by the son to his support, and therefore as the measure of his dependency. The test is, not whether the contributions are necessary to the support of the life of the dependent, but whether they were relied on for his means of living according to his class and position in life. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 152, 93 Atl. 245; *Blanton* v. *Wheeler & Howes Co.,* 91 Conn. 226, 232, 99 Atl. 444; *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 302, 114 Atl. 109; *O'Dea* v. *Chicago Bridge & Iron Works,* 119 Conn. 37, 40, 174 Atl. 298. The finding is that the plaintiff relied upon the entire amount of the wages turned over to him by his son for his support. He was therefore dependent upon the son to that extent, and was entitled to receive as

compensation one half of the latter's average wages for .the statutory period.

There is no error.

In this opinion the other judges concurred.