JOSEPH A. HAHN, ET UX.
vs.
ANDREW H. BROWN, ET ALS.

Superior Court      New Haven County      File #47434

Present:   Hon. JOHN A. CORNELL, Judge.

Clark, Hall & Peck,          Attorneys for the Plaintiff.

B. F. Goldman,          Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 25, 1935.

CORNELL, J.   The complaint, as amended, seeks judgment of foreclosure of two mortgages which the plaintiffs hold on defendants' real property, which mortgages are junior to another held by an unnamed party in an unmentioned sum.

The first of the mortgages so held by plaintiffs was made to The Mechanics Bank of New Haven in the original sum of $6000., on August 20, 1928; the second of them (being the third on the property) was delivered to plaintiffs on July 30, 1929, in the sum of $3000.

That in favor of The Mechanics Bank was assigned to plaintiffs by the receiver of the latter institution on September 28, 1932, together with an assignment of an assignment of rents which the defendants had given The Mechanics Bank on May 14, 1932.   It is alleged that though a balance of $4100. is owing on the principal sum of this mortgage, the plaintiffs purchased it for the sum of $1000. and so the amount claimed is said sum of $1000., plus outlays for taxes, etc., etc., paid by them, less the amount which they received under the assignment of rents.

The other or third mortgage on the property is, like the first, payable on demand and is alleged to be due with unpaid interest and certain outlays for taxes, etc., etc.

The defendant's Andrew H. Brown, Substituted Special Defense, to which the demurrer is addressed, sets up, in substance the following allegations:

That a situation came to exist whereat taxes on the property were in arrears and unpaid; interest on the first mortgage past due and The Mechanics Bank having demanded the principal and past due interest on the mortgage held by it, foreclosure of each of said mortgages was threatened with consequent danger of defendants' equity being lost and plaintiffs' third mortgage being wiped out, that in the presence of this impending loss to each of them the plaintiff and the de-

fendant, Andrew H. Brown entered into an agreement where-by on the one hand the defendant agreed to purchase the mortgage held by The Mechanics Bank for the sum of $1500., of which sum the plaintiffs agreed to advance $1000. as security for which the receiver of The Mechanics Bank was to assign the bank mortgage directly to plaintiffs together with the assignment of rents which he held; and on the other hand, the plaintiffs agreed with defendant that they would apply the rents (which were to be collected by defendants and paid over to them monthly), first, toward the payment of taxes on the property, and interest on the first mortgage and the balance toward the repayment of the loan and interest on the second of the mortgages held by plaintiffs (viz., the third of the property); "and that if the defendant continued to turn over all rents as aforesaid, the plaintiffs would forbear demanding the money on the third mortgage and on said loans, until such time as the said loan shall be paid off in the manner aforesaid or until the defendant should be financially able to pay same."

The first ground of the demurrer attacks the sufficiency of the alleged agreement because "it pertains to real estate or an interest therein and is not alleged to be in writing and signed by the plaintiffs or their duly authorized agent". This has reference to the provisions of **Gen. Stat. Rev. 1930,** #5982.

In so doing, plaintiffs interpret the agreement to be one to forbear "demanding the money on the third mortgage and on the loan (second mortgage) . . . . ."

That the alleged agreement did contemplate forbearance to demand the sum secured by the third mortgage, there is no doubt under the allegations of the Substituted Special Defense, but it does not appear from the context that the loan to collect which forbearance was also to be exercised was, or included, the second mortgage which plaintiffs are alleged to hold as collateral security.

While the word "loans" appears with seeming inadvertence at one point in paragraph 5, it seems apparent that the fair intendment of the context must be taken to mean that the alleged forbearance applied only to a demand for payment of the loan of $1000. and the principal sum and accrued interest of the third mortgage.

As to the alleged loan of $1000., it is clear that the agreement concerning this did not "pertain to real estate or an interest therein". No mortgage on land was executed to secure payment of it. The mortgage allegedly assigned as collateral for it was one executed to secure, not it, but another loan originally made by The Mechanics Bank. Insofar as that loan is concerned this ground of demurrer is not in point.

As to the alleged agreement to forbear as respects the third mortgage, it is to be noted that the engagement alleged is to refrain from demanding "the **money** on the third mortgage."

This expression so phrased is, somewhat equivocal and since no motion has been addressed to the Substituted Special Defense for the purpose of making its intendment certain, it remains so.

As plainly appears, the mortgage was originally executed to secure a debt evidenced by a note. By virtue of the provisions of statute **(Gen. Stat. Rev. 1930 #5081)**, at the time the alleged agreement was made, it secured, not only the principal sum and accrued interest on said note, but, also, expenditures made by the holder of the note for the payment of taxes and assessments on the property, interest on the senior mortgage and others claimed to have been made to protect the interest of the holder in the mortgaged premises

As is equally clear, the plaintiffs as the holders of the note and mortgage were not restricted to the foreclosure of such mortgage. They might, of course, institute action on the mortgage note or if they did apply for foreclosure, also seek a deficiency judgment.

The agreement alleged is silent as concerns the mortgage security and applies itself only to "the money". As it is stated, it might well be taken to mean only that plaintiffs agreed to forbear seeking any money judgment on the note against defendants, or a deficiency judgment against them in event of foreclosure.

So interpreted, it would interpose no defense to an action for strict foreclosure, but would be available to defendant here in that the instant action does seek a deficiency judgment.

Such an agreement operates on the debt exclusively—not upon the mortgage security. If it in any way affects the latter its effect is to restrict the plaintiffs to it, but it neither

diminishes nor otherwise affects the estate conveyed in the mortgage in quantity or quality nor inhibits its appropriation to the payment of the obligation which it, by its terms secures.

The attack made upon it in the first ground of demurrer is that it "pertains to real estate or an interest therein". But, as noted, if the agreement relied upon be of the intention described it does not pertain to real estate or any interest therein, but to the debt, only, which the mortgage secures.

What ever the agreement was if it was different than as above noted, its intention is to be determined in the light of the situation of the parties at the time it was made. **Perkins vs. Eagle Lock Co., 118 Conn. 658, 663,** and a demurrer cannot lie to it until and if that appears.

The second reason of demurrer states that the alleged agreement "to forbear and refrain from demanding said loan and mortgage changes the terms of a written instrument."

As noted supra, the agreement does not purport to operate upon the mortgage. The loan referred to is that of $1000. and a sum represented by the interest due at the time it was made on the senior mortgage. There is nothing in the complaint to indicate that the loan of these sums was evidenced by a promissory note or other writing and so it does not appear that there is any writing, the terms of which might be affected by such an oral agreement.

Reasons of demurrer 3, 4, 5 and 6 may be considered together. So viewed they advance, in substance, the claim that no consideration moved from the defendants to the plaintiffs to support the alleged agreement to forbear on the part of plaintiffs.

Paragraph 3 of the Substituted Special Defense alleges that defendants purchased the mortgage held by The Mechanics Bank for the sum of $1500. of which $1000. was furn'shed by plaintiffs. The fact that they "purchased" it imparts that they either paid or obligated themselves to pay the purchase price, which purchase price required that he part with $500. of their own money in addition to the sum of $1000. loaned by plaintiff. This, of course, would be an act which furnished consideration for a valid promise on plaintiff's part.

Ground 8 of the demurrer points out that there is no allegation that the rents are sufficient to pay off the loan or mort-

gage or even sufficient to pay current interest on taxes.

Insofar as that circumstance may be material, neither does it appear that the rents are not sufficient to accomplish all these purposes. Nothing whatever is said in the Substituted Special Defense on that score.

This latter ground of demurrer points to a consideration which aids in disposing of the seventh which is: ". . . . . the defendant alleges an agreement that is not to be performed within one year and should be held void as against public policy.

As to the alleged violation of public policy, nothing can be discovered in the fact that an oral agreement is not to be performed in one year, that offends against the public interest.

Insofar as this ground seeks to invoke the statute of frauds, it may be inferred from the history given in the complaint that the amount of annual rents from the property is not sufficient to enable the agreement to be performed in one year.

But as plaintiffs point out in their eighth ground of demurrer, there is nothing in the pleadings to show what the rents are.

"A contract is not within this clause of the statute unless its terms are so drawn that it cannot by any possibility be performed fully within one year. . . . . . . ."

**Appleby vs. Noble, 101 C. 54, 57.**

In the absence of the allegations of facts indicating that the agreement alleged could not possibly be performed in one year, this ground of demurrer must, also, fail.

The demurrer is overruled on all grounds.