BERTHA E. DELLE
vs.
BERNHARDT E. DELLE

Superior Court     New Haven County     File #48092

Present:  Hon. JOHN A. CORNELL, Judge.

Wiggins & Dana,
Harrison F. Turnbull,     Attorneys for the Plaintiff.

Herbert L. Emanuelson,     Attorney for the Defendant.

(Supplemental to Memorandum of Decision of same case reported
in Connecticut Law Journal, Vol. 3, No. 12, Page 3.)

## MEMORANDUM FILED MARCH 23, 1936.

CORNELL, J.  This memorandum supplements that of January 2, 1936.  As the second count now stands it alleges, in substance, that the defendant abandoned and deserted the plaintiff and four children of their marriage on August 3, 1929, two of which children were minors at the time; that the children remained with the plaintiff with the implied permission and consent of the defendant and she has supported and still is supporting and maintaining one of them who has not yet attained his majority, and supported and maintained the other until March 31, 1935.

As noted in memorandum of January 2, 1936, it is found that the plaintiff and the children were fully justified in maintaining a home separate and apart from defendant in view of the events that preceded their doing so. A constructive desertion of plaintiff and the family occurred, commencing on August 3, 1929, which was attended by an abandonment on defendant's part of them and a complete failure

to perform his duty as parent toward the minor children. That there might have been provocation for the defendant taking the course which he did is beside the point—there was no legal justification for it.

Nor is the plea stated in the first paragraph of his special defense of avail to him. When the defendant abandoned his minor children and left them to their own devices and the plaintiff mother was compelled to assume, alone, the burden of supporting and caring for them, the defendant emancipated them and the plaintiff became entitled to their earnings. Draua vs. International Silver Co. 105 Conn. 415, 420; 46 C. J. p. 1345, #196.

Neither does the fact that the adult sons of the parties paid the plaintiff comparatively large sums as board give umbrage to the defendant in this action. What they paid her became her property when she received it from them, although, of course, she expended it for the family maintenance. If, in that indirect way it can be said to have gone to the support of the minor children that circumstance serves only to accentuate defendant's failure to perform his own duty. It would be passing strange if such an event were potent to excuse defendant and absolve him from the liability which the law affixed to his parenthood.

It appears from the evidence that the daughter, Helen, having graduated from high school, obtained employment in March, 1932, since which time she has been self-supporting. It is found that the sum expended by plaintiff for her support and reasonably necessary therefor in the period commencing August 3, 1929 and ending March 31, 1932, is $8.00 per week and that during that time plaintiff so expended from her personal funds the sum of $1088.00.

As to Bernhardt, who is still a minor, the computation is made up to January 4, 1936, as that is the date when judgment would have been rendered had the pleadings then permitted and the Court has no knowledge whether, since then, Bernhardt may have become self-supporting or, at least, have paid earnings from employment since obtained to the plaintiff. It is found that the plaintiff paid out of her own estate in the period from August 3, 1929 to January 4, 1936, for the support and maintenance of Bernhardt, the total sum of $2656.00, and that that expenditure was a necessary and

reasonable one.

There is no evidence that either of these minors earned any money during the respective periods mentioned and consequently no deduction can be made on that account from the total of $3744.00.

Under the statutes (General Statutes, Rev. 1930, #4794) not only the powers and rights, but also the "duties" of the father and mother "in regard to minor children" are made equal. Draus vs. International Silver Co., 105 Conn. 415, 419, 420.

This is interpreted to mean that if a mother contributes more than her equal share toward the support and maintenance of minor children, she is entitled in a proper action to be reimbursed by the father of such children who is, also, her husband to the extent that she does so.

If this be correct the plaintiff here on the finding made is entitled to be paid the sum of $1872.00. No interest is added because the evidence does not show facts in sufficient detail to make an accurate computation of it.

The issues are found for the plaintiff and judgment will enter that she recover of defendant the sum of $1872.00.