[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ISSUE OF AGGRIEVEMENT
Plaintiff, Crossroads at Cheshire Associates ["Crossroads'"], appeals the decision of the defendant, Cheshire Planning and Zoning Commission [the "Commission"] amending 48, 2d. of the Cheshire Zoning regulations to permit "[o]nly one shopping center of any size. . .in the Interchange Zone." (Record, Item 25, the Regulations.)
Appeals from zoning commission and planning and zoning commissions may be taken to the Superior Court. . .in the manner provided in 8-8." Connecticut General Statutes 8-9 (rev'd to 1989). Section 8-8 provides that appeals may be taken by "[a]ny person. . .aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board. . ." Connecticut General Statutes 8-8 (rev'd to 1989).
At the hearing on aggrievement, Crossroads submitted certified copies of two warranty deeds as evidence of its ownership of property within the Interchange Zone ["IC Zone"]. The Commission argues that "merely because Plaintiff owns property within the IC Zone, Plaintiff is not statutorily aggrieved by that decision because the zone text amendment affects no particular `portion of land.'"
An owner of land which is the subject of decision by the local zoning authority is aggrieved. Bossert Corp. v. Norwalk,157 Conn. 275, 285 (1968). An owner of land within a zone which has been reclassified is an owner of land involved in the decision of the local authority and is therefore aggrieved. Clarke v. Darien Planning Zoning Commission, 3 CSCR 104 (December 1, 1987, Gerety, J.); Murphy v. City of Stamford, 3 CSCR 384 (March 24, 1988, Lewis, J.) see also Friedman v. Ellington Planning Zoning Commission, 4 CSCR 88 (December 5, 1989, Jackaway, J.). Similarly persons who own land abutting property which is rezoned are CT Page 3643 statutorily aggrieved by the decision to rezone. Wiegel v. Planning Zoning Commission, 160 Conn. 239, 247-49 (1971). Even where, as in the instant case, amendments to the zoning regulations do not operate to rezone property but rather operate to allow or prohibit certain structures and uses within the zones affected by these amendments. . .is. . .statutorily aggrieved." Town of North Haven v. Planning Zoning Commission, D.N. 28 06 44, and Protect Hamden/North Haven from Excessive Traffic and Pollution, Inc., D.N. 28 09 08, Judicial District of New Haven, Memorandum of Decision, pp. 2, 21, August 20, 1990, Berdon, J.
Accordingly within the IC Zone, Crossroads is aggrieved and entitled to maintain this appeal.
Donald W. Celotto, Judge