### RAYMOND O. STAPLES *v.* BERNARD LUCAS

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 94116

Memorandum filed January 20, 1953.

, *Gustav P. Nordstrom,* of Hartford, for the Plaintiff.

*Gross, Hyde & Williams,* and *Cornelius D. Shea,* both of Hartford, for the Defendant.

ALCORN, J. The plaintiff's complaint seeks a recovery under § 4307 of the General Statutes. It is alleged that the defendant personally or through his agent sold liquor to an intoxicated person who, by reason of such intoxication, caused personal injury to the plaintiff. The injury is alleged to have occurred on November 3, 1950, and the complaint was

served on November 18, 1952. A special defense in the defendant's answer is that the right of action for the cause stated in the complaint did not accrue within one year before the commencement of the action. The plaintiff demurs to this defense. The demurrer is erroneously entitled a reply.

Section 8316, General Statutes, imposes the limitation as to actions for torts in general, and § 8324 specifies particular classes of torts for which the limitation is reduced from three years to one year. *Antinozzi* v. *D. V. Frione & Co.*, 137 Conn. 577, 579. The basis of recovery in the action alleged by the plaintiff is injury caused by reason of the intoxication of an intoxicated person to whom the defendant sold liquor. That is not within any of the classes of torts enumerated in § 8324, and consequently the one-year limitation is not a good defense to the action.

The demurrer is sustained.