EDMUND F. MORRIS ET AL. *v.* KING COLE STORES OF BRIDGEPORT, INC.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 54697

Memorandum filed May 12, 1953.

*Albert F. Coles* and *Raymond C. Lyddy,* of Bridge-port, for the Plaintiffs.

*Robert E. Courtney, Jr.,* of Hartford, for the Defendant.

FITZGERALD, J. For the last twenty years the plaintiffs have been the owners and occupants of the property located on the southwest corner of James Street and North Avenue in Bridgeport. This property consists of the corner lot and dwelling house thereon. In more recent years the defendant has been the owner of an undeveloped piece of property which abuts that of the plaintiffs on the south and west. On the morning of January 5, 1950, the plaintiffs discovered that sometime during the preceding night or early hours of that morning a stone ledge which had been situated on the defendant's property several feet south of the common boundary between the two properties, had crumpled and made a landslide against their sixty feet of fence, resulting in its demolition. In this action the plaintiffs are seeking to recover damages for the incident. Suit was instituted fourteen months after the episode.

Paragraph 5 of the complaint alleges the gravamen of the plaintiffs' stated cause of action. It reads: "The damage to the plaintiffs' property was occasioned by the conduct of the defendant in permitting its property to be and remain in such a condition as to permit it to fall and slide onto the property of the plaintiffs, with the result that the defendant created a trespass upon the property of the plaintiffs, with damage as aforesaid."

By way of special defense the defendant pleads in effect that, the action not having been brought within one year of the episode, it is thereby barred by the one-year Statute of Limitations contained in § 8324 of the General Statutes.

The special defense avails the defendant nothing. This is because the alleged cause of action is of a common-law character known as trespass on the case (52 Am. Jur. 901, § 5), and the three-year statute of limitations contained in § 8316 of the General Statutes is the controlling statute. Judge Alcorn of the Superior Court has recently pointed out in clear terms the operative distinctions between the two statutes in these words: "Section 8316, General Statutes, imposes the limitation as to actions for torts in general, and § 8324 specifies particular classes of torts for which the limitation is reduced from three years to one year. *Antinozzi* v. *D. V. Frione & Co.*, 137 Conn. 577, 579." *Alcorn, J.*, in *Staples* v. *Lucas*, 18 Conn. Sup. 224, 225.

The final and decisive question is whether the plaintiffs have sufficiently demonstrated their right to recover damages for resulting injuries to their fence. The meager facts disclosed at the trial are those recited in the first paragraph of this memorandum.

"Where a natural condition of land causes an invasion of another's interest in the use and enjoyment of other land, the possessor of the land containing the natural condition is not liable for such invasion." Restatement, 4 Torts § 840.

The application of the foregoing general principle warrants a defendant's judgment. This is because it cannot be found from the evidence before the court that any conduct on the part of the defendant, direct or indirect, has contributed to the plaintiffs' damage. The maxim "sic utere tuo ut alienum non laedas"—no one may make an unreasonable use of his premises to the material injury of his neighbor's—has no place in the adjudication of the question presented as to give rise to a principle subordinate to the general principle stated. See 52 Am. Jur. 911, § 28.

Professor Prosser in his treatise on Torts (p. 607) has this to say: "The rule of non-liability for natural conditions was obviously a practical necessity in the early cases, when land was very largely in a primitive state. It remains a necessity in rural communities, where the burden of inspecting and improving the land would be out of all proportion to the harm usually threatened. Almost without exception the cases applying it have arisen in the country. But it is scarcely a rule suited to cities, to say that a landowner may escape all liability for serious damage to his neighbors arising out of his property, merely by allowing nature to take its course. There are indications that a different rule is developing as to urban centers."

Granting that the proposition argued by Professor Prosser represents a salutary view when applied to properties located in urban rather than in rural areas (and in the instant case the properties are in the former area), the fact remains that the limited evidence before the court would not support the application of what may be called the more modern view. In other words, the plaintiffs' offer of proof does not support a deviation from the general principle of law stated.

Let judgment enter for the defendant.