NEWELL M. VARNEY *vs.* ROYAL B. BRADFORD.

Oxford.    Opinion August 10, 1894.

*Action.    Assumpsit.    Covenant.    Lease.*

In a contract under seal, containing mutual covenants, and which imposes an obligation upon one party to pay money to the other, but contains no covenant or promise to pay it, the contract having been wholly performed in all other respects, the money may be recovered in an action of assumpsit, upon an implied promise.

The defendant leased a farm May 10, 1890, to the plaintiff for one year, with certain privileges as to exchanging stock, &c., and the plaintiff, the lessee, covenanted that, in consideration of the lease and the sum of one hundred dollars payable in amounts of eight and one third dollars monthly, to board and care for the defendant's mother, during said term, with other covenants to be performed by him.    The plaintiff, the lessee, took possession of the farm and performed all his agreements and covenants including the support of defendant's mother until her death June 30, 1890.    The defendant paid the plaintiff the monthly installments for five months, the last payment being October 10, 1890.    In an action to recover the remaining seven installments, *held*, that the death of the defendant's mother before the expiration of the year for which the lease was given did not terminate the plaintiff's right to future installments.

*Also,* that the court will not adopt an opposite construction, even if the language of the contract might permit, but does not require it, when, as here, the party writing the contract himself has better knowledge of the actual agreement than counsel can have and has acted upon one construction consistent with the language of the contract and makes repeated payments in accordance with that construction.

ON EXCEPTIONS.

This was an action of assumpsit ʌcommenced by writ dated August 20, 1891, to recover a balance of $58.33, claimed to be due the plaintiff under a contract, the material parts of which, with other facts, are stated in the opinion.

The case was submitted to the presiding justice upon an agreed statement of facts, both parties reserving the right to except; and judgment being rendered for the plaintiff, the defendant took exceptions,

*Geo. C. Wing,* for plaintiff.

*N. and J. A. Morrill,* for defendant.

Assumpsit does not lie, contract being under seal. *Pope* v. *Machias, &c. Co.* 52 Maine, 535; *Miller* v. *Watson,* 5 Cow. 195; *Richards* v. *Killane,* 10 Mass. 243; 1 Chit. Pl. 115, 116; *Hinkley* v. *Fowler,* 15 Maine, 285; *Charles* v. *Dana,* 14 Maine, 383; *Porter* v. *A. & K. R. R. Co.* 37 Maine, 350; *Goddard* v. *Mitchell,* 17 Maine, 368; *Holmes* v. *Smith,* 49 Maine, 242; *Andrews* v. *Montgomery,* 19 Johns. 162; *Wood* v. *Edwards,* 19 Johns. 205.

The defendant leased his farm to plaintiff, free of taxes, for the purpose of providing a home for his mother, Mrs. Bradford; the plaintiff paid no rent, and was assured the occupancy of the farm for the term of the lease, whether Mrs. Bradford lived or died, remained on the farm or not. If she lived on farm, plaintiff agreed to board and care for her for one hundred dollars, payable in amounts of eight and one third dollars monthly.

Mrs. Bradford was at liberty to leave the farm if she saw fit; she might remain there or not, and it cannot be contended that, had she left the farm and made her home with anybody else, defendant was under obligation to pay Varney.

The lease is silent as to the person by whom the payment was to be made. The service was to be rendered Mrs. Bradford; and in the absence of an express stipulation that defendant should pay for her care, there is more reason for saying that she should pay for her own care, than that he should.

Bradford furnished the farm and agreed, "that in case of the death of the said Mary B. Bradford before the expiration of said term, this lease shall continue for the balance of said term without payment of rent;" but no provision is made that the monthly installments shall continue.

Defendant's letter of August 10, 1890, written before advising with counsel, does not create any new or independent contract.

SITTING: PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

STROUT, J. The contract, which is the foundation for this suit, was executed by plaintiff and defendant under seal and bore date April 19, 1890. By it, defendant leased a farm, with stock and tools thereon, to the plaintiff for one year from May 10th, 1890, with certain privileges as to exchanging stock, etc., not material to this cause, and the lessee covenanted that, "in consideration of this lease and the sum of one hundred dollars payable in amounts of eight and one third dollars monthly," to board and care for defendant's mother, Mary B. Bradford, during said term, with other covenants by the lessee to be performed. The plaintiff, the lessee, took possession of the farm, and it is agreed that he has performed all the covenants and agreements by him to be performed, including the support of Mary B. Bradford until her death on June 30, 1890. Defendant has paid plaintiff the monthly payment of eight and one third dollars for five months, the last payment being on October 10, 1890. The suit is to recover the remaining seven installments. Defendant claims that, under the contract, the monthly payment to plaintiff of eight and one third dollars was payable towards the support of Mary, and that upon her death no further payment was due the plaintiff.

The presiding justice, to whom the case was submitted, without a jury, decided that plaintiff was entitled, under the contract, to receive one hundred dollars, in monthly installments, and that the death of Mary B. Bradford before the expiration of the year for which the lease was given, did not terminate plaintiff's right to future installments. We think such is the true construction of the contract.

It is agreed that the contract was drawn by defendant. It stipulated that in case of the death of Mary B. Bradford, the lease should not terminate, but nothing was said as to the one hundred dollars, which was a part consideration for plaintiff's covenants, which, among other things, required him to, "endeavor to improve the farm and keep it and the buildings and fences thereon in a neat and tidy condition." The acts of the defendant show that he understood the contract to require him to pay the installments to the end of the term, notwithstanding the death of Mary before its expiration. She died on June 30th. Defendant paid the monthly installment for July, August, September and October following without objection. August 10, 1890, defendant wrote the plaintiff, asking various services and good offices from plaintiff, and concluded his letter with the statement that, "the uncertainties of life is the cause of your now having the entire use of the farm, stock, etc., free, with taxes and insurance paid, also $8⅓ per month. While I make no claim beyond the requirements of the lease, I think you can afford to do well by me." After this letter defendant continued his payments for two months longer. These facts show conclusively that, for four months after the death of Mary, defendant understood that the payment of the one hundred dollars, was to be absolute, and was not affected by the death of Mary. After the October payment, defendant consulted counsel, and thereafterward declined to make any further monthly payments. While the advice of counsel in construing a contract to determine the legal rights of the parties is valuable, it is based entirely upon the language of the contract. A party to it, and one who, in fact wrote it, as in this case, has a better knowledge

of the actual agreement intended to be expressed, than the counsel can have; and when, as here, such party acts upon one construction, consistent with the language of the contract and with full knowledge of the facts, and makes repeated payments in accordance with that construction, the court will not adopt an opposite construction, even if the language of the contract might permit, but does not require it.

But it is strenuously argued that this action of assumpsit cannot be maintained, even if plaintiff is entitled to recover the unpaid installments. It is familiar law that suits upon covenants in sealed instruments must be either debt or covenant; yet without a violation of this rule, a sealed instrument may be used as evidence in an action of assumpsit, and may form the very foundation out of which the action arises, where in the sealed instrument there is no stipulation for payment or performance to the party to be benefited, or to some other person for his use. It will be noticed that, in this contract, while each party entered into various covenants with the other, there was no covenant or express promise to pay the one hundred dollars. It is mentioned as a consideration for plaintiff's covenants, and by a fair construction of the contract, was to be paid by defendant to plaintiff. A promise to pay it is therefore implied by law, and assumpsit will lie upon that promise. *Hinkley* v. *Fowler*, 15 Maine, 285.                          *Exceptions overruled.*