MARY E. DRISCOLL *vs.* JEWELL BELTING COMPANY
ET AL.

First Judicial District, Hartford, May Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The question as to whether a causal connection existed between an injury suffered by an employee while at work and the disease which resulted in his death, and whether a claimant for compensation was a partial dependent of the deceased, are both questions of fact, and the conclusions of the Compensation Commissioner upon them are conclusive unless in reaching them he applied an illegal standard, or drew a conclusion which the subordinate facts do not justify, or found a fact material to this conclusion without evidence or against the evidence.

It may be an error for a court, or a Compensation Commissioner, to base a decision upon the opinion of an expert rested upon grounds which are wholly inadequate and unreasonable, but a conclusion reached by the court or the commissioner upon comparison and examination of conflicting professional opinion by reliance upon one opinion rather than another, can rarely be found erroneous merely because it was based upon the testimony or opinion of one witness in opposition to that of several others testifying to the contrary.

In the present case a medical expert for the plaintiff, who had per-

formed an autopsy on the body of the deceased, testified that the pneumonia of which the deceased died was traumatic and the injury received by the deceased while at work was its exciting cause, while three experts for the defense, including two who had attended the deceased, testified that the pneumonia was of an ordinary systemic infection and not of traumatic origin. *Held* that the finding of the Compensation Commissioner, affirmed by the Superior Court, that the deceased died of traumatic pneumonia, should not be changed by this court.

Our Compensation Act provides compensation not only for dependents who had the legal right to compel support from a deceased, but also for dependents who received support from the voluntary contributions of the deceased, and for each class its test is whether the contributions were relied upon by the dependent for his or her means of living, judging this by the class and position in life of the dependent.

Under this test a mere legal obligation of one to support another does not make the latter the dependent of the former, since a dependent is one who has relied upon another for support and who has a reasonable expectation that such support will continue, and the legal obligation of support may not have been so relied upon and is not the equivalent of a present support, or, even if enforced, does not necessarily show a reasonable probability of continued support in the future. A condition of dependency under our law could only be found when contributions had been in fact made, and there was a reasonable probability that these would be continued, and that the contributions so made and to be made were relied upon by the dependent.

In the present case there was evidence to show an average weekly contribution by the deceased to the plaintiff, his widowed sister. She lived in Massachusetts with her two unmarried adult children, who, by the laws of that State, were legally obligated to support her, and who were claimed to be able to support her. Each had been paying her a certain sum weekly for board. *Held* that the Commissioner's finding of the dependency of the plaintiff upon the deceased, affirmed by the Superior Court, should stand in this court.

Argued May 3d—decided June 1st, 1921.

APPEAL by the defendants from a finding and award of the Compensation Commissioner of the first district in favor of the plaintiff, taken to the Superior Court in Hartford County (*Maltbie, J.*), which affirmed the award of the Commissioner, and from this judgment the defendants appealed. *No error.*

On March 11th, 1920, and for several months prior thereto, a contract of employment had been in force between Randall, the deceased, and the Jewell Belting Company. Both parties were subject to the provisions of our Workmen's Compensation Act, and the Belting Company had complied with the insurance provisions of § 5369 of the General Statutes.

At about four o'clock in the afternoon of March 11th, the deceased, while in the course of his employment, was engaged in the operation of a truck, and one of its wheels struck a bolt causing one of the handles of the truck to strike him in the right side. He finished his day's work, but in the night he had a chill. He grew worse, and on March 14th called in a surgeon, Dr. McPherson, who found he was suffering from pneumonia. On March 15th he was taken to the Hartford Hospital, and continued there under the treatment of Dr. Cochran until April 7th, 1920, when he died. The body was shipped to Boston, where an autopsy was performed by Dr. Leary. From the autopsy and from the history of the case, Dr. Leary reached the conclusion that the deceased died of traumatic pneumonia, and that the injury was the exciting cause of the disease. Three physicians who testified for the defendants, including Dr. McPherson and Dr. Cochran, agreed that the pneumonia was of an ordinary systemic infection and not of traumatic origin. The commissioner found as a fact that the deceased died of traumatic pneumonia brought on by the injury of March 11th.

The deceased was a brother of the plaintiff. He had made his home with her since the decease of her husband twenty-six years before, paid her $6 a week for his board, and given her as a "help" $8 additional each week, except when he was away at work in the summer of 1918, and when he returned he gave her $150, and during the period he was away, from August or Sep-

tember, 1919, to March 11th, 1920, when he received his injury, he had sent to the plaintiff $100. Both of these sums were intended by the deceased for the use of the plaintiff in maintaining her home. At other times when deceased was away from plaintiff's home he was accustomed to give to her different sums at irregular times. The commissioner found that the deceased had for a considerable period prior to his death contributed to the plaintiff an average sum of $6 a week, and that the plaintiff relied upon the deceased, at the time of his injury, for support to maintain herself in her class and position in life, to the amount of $6 a week, and had so relied for a considerable period. Two unmarried children of the plaintiff made their home with her, viz: William, aged thirty-one, who had been paying his mother $8 a week board, and Frances, aged twenty-nine, who had for the past two years paid her mother $8 a week for board.

*Ralph O. Wells*, for the appellants (defendants).

*Thomas J. Malloy*, for the appellees (plaintiff).

WHEELER, C. J. The commissioner found that the plaintiff was a dependent of the decedent, her deceased brother, and that his decease was due to pneumonia resulting from a traumatism arising out of and in the course of his employment with the defendant Belting Company.

The Superior Court dismissed the defendants' appeal from the award, and their appeal from that judgment raises two questions: (1) Was the conclusion of the commissioner that a causal connection existed between the traumatism and the pneumonia so unreasonable as to constitute legal error? (2) Was the claimant, a widowed sister of the decedent, a partial dependent of her deceased brother?

Both questions are questions of fact, and the conclusion of the commissioner is conclusive unless in reaching these conclusions he applied an illegal standard, or drew a conclusion which the subordinate facts do not justify, or found a fact material to this conclusion without evidence or against the evidence. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 153, 93 Atl. 246.

The defendants have not pursued the practice approved of by us in *Atwood* v. *Connecticut L. & P. Co.*, 95 Conn. 669, 112 Atl. 270, in order to have the facts found by the commissioner corrected. They have relied upon our reading the evidence as certified and making the corrections desired. The practice is new, and, since the *Atwood* opinion was handed down subsequent to the taking of this appeal, we shall not at this time enforce the practice approved of in that case, but, in order to do complete justice to all of defendants' claims, we have examined the evidence so certified to ascertain if any of the facts were found without or contrary to the evidence.

Whether there was a causal connection between the traumatism and the pneumonia was a subject of fierce conflict on the part of the doctors who testified. The conclusion of the commissioner was based upon his acceptance of the opinion of the expert in behalf of the plaintiff instead of that of the experts produced by the defendants. Counsel for the defendants attack the grounds of this expert's opinion as so wholly inadequate and unreasonable as to render his opinion unreasonable and so to constitute an error of law.

An opinion of an expert may be unreasonable because the grounds upon which it rests are so unreasonable as to make it an error of law for a court to base its decision upon the opinion. But in this case the evidence discloses merely a sharp conflict of professional opinion, reasons for and reasons against, a plain case of conflict-

ing evidence. A finding made by a commissioner upon conflicting evidence is in the same position a similar finding would be in if made by the Superior Court judge. Neither can, except in a most exceptional case, be successfully attacked.

A conclusion reached upon comparison and examination of conflicting professional opinion, by reliance upon one opinion rather than another, can rarely be found erroneous in law in the absence of bad faith. *Russo* v. *Maresca*, 72 Conn. 51, 43 Atl. 552; *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 30 Atl. 115; *Seymour Mfg. Co.* v. *Derby Mfg. Co.*, 94 Conn. 311, 342, 109 Atl. 395.

A finding or a conclusion cannot be held to be erroneous merely because it was based upon the testimony or opinion of one witness in opposition to that of several others testifying to the contrary. *Condon* v. *Pomroy-Grace*, 73 Conn. 607, 614, 48 Atl. 756. Whether we would have reached a like conclusion had we been charged with the duty of determining this issue upon this conflicting evidence, is beside the mark. The good faith of this expert is not impugned, nor are the grounds of his opinion so inconclusive and so overwhelmingly destroyed by the evidence submitted by the defendants that we ought to disregard it.

An appeal to this court from the decision of the Superior Court in a compensation case which can only be sustained by our finding that the commissioner found the facts wrongly or drew his conclusion wrongly upon conflicting evidence, and that the Superior Court erred in passing upon the same findings or conclusions, will not be sustained unless the error is apparent and its effect upon the decision very material. Two competent tribunals have passed upon this question of fact; the presumption is strong that a conclusion to which each tribunal has come is correct, and the burden of over-

coming this presumption upon an appeal to this court must necessarily be a heavy one.

The finding that the plaintiff was a partial dependent of the decedent is attacked upon two grounds: (1) that the contributions made by the decedent during the six months preceding his decease do not justify the finding that the plaintiff was a partial dependent of the decedent; and (2) that the subordinate facts show that the plaintiff did not rely upon the decedent for support, but had sufficient means of support at hand in the person of her two adult employed unmarried children, who were legally obligated by the law of Massachusetts, where they were domiciled, to furnish such support. We have examined the finding in connection with the evidence, and think the commissioner was amply justified in finding that the deceased had for a considerable period of time prior to his death been in the habit of contributing to the plaintiff $6 a week for her support. The contributions of $150 and $100, during the period of the deceased's absence from plaintiff's home, more than made up the average of $6 a week; in fact the subordinate facts, supported as they were by the evidence, would have justified a conclusion that the deceased had contributed on the average $8 a week instead of the $6 a week, which the commissioner found. There is no direct finding that these contributions were necessary to maintain the plaintiff in her station and position in life, but, as the trial judge pointed out, this finding is necessarily involved in the conclusions reached.

The finding that the plaintiff in fact relied upon these contributions is not attacked as without the evidence, but as an unnecessary reliance, since she had two adult children who were able to support her, and by the law of Massachusetts they were legally obligated so to do, and hence the defendants' claim that the plaintiff had suffi-

cient means at hand to provide for her support and could not be a dependent within the meaning of our Act. It is true that "one cannot be said to be a dependent who has sufficient means at hand for supplying present necessities, judging these according to the class and position in life of the alleged dependent." *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 231, 99 Atl. 494. But the mere existence of a right to compel, by process of law, one to furnish support to another, will not by itself determine that such an one has a present and a continuing means of support so that he cannot be held to be the dependent of one who has contributed to his living expenses.

The purpose of the Compensation Act is to provide support to dependents of one injured in industry. A dependent is one who has relied upon the decedent for support and who has a reasonable expectation that such support will continue. 28 Ruling Case Law, p. 770, § 65. A legal obligation cannot be construed to be the equivalent of a present support. When it has been enforced it becomes such for the time. It does not follow that it will continue. A condition of dependency presupposes contributions made to and relied upon by the dependent. Such condition under our law could be found only when contributions had been in fact made, and there was a reasonable probability that these would be continued, and that the contributions so made and to be made were relied upon by the claimant-dependent. If no contributions had been made, or if there was no reasonable probability of the continuance of the contributions, the basis of dependency would be absent. So, if the legal obligation had not been relied upon by the claimant-dependent for his means of living, it could not be a factor in determining the question of dependency. *Sweet* v. *Sherwood Ice Co.*, 40 R. I. 203, 100 Atl. 316.

The Compensation Act provides compensation not only for dependents who had the legal right to compel support from a deceased, but also for dependents who received support from the voluntary contributions of the deceased. For each class its test is "whether the contributions were relied upon by the dependent for his or her means of living, judging this by the class and position in life of the dependent." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 Atl. 245; *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 229, 99 Atl. 494; *Mahoney* v. *Gamble-Desmond Co.*, 90 Conn. 255, 258, 96 Atl. 1025. A mere legal obligation of one to support another does not under this test make him a dependent of the one under the legal obligation. *Sweet* v. *Sherwood Ice Co.*, 40 R. I. 203, 100 Atl. 316; *Parson* v. *Murphy*, 101 Neb. 542, 163 N. W. 847; *Grant* v. *Kotwall*, 133 Md. 573, 105 Atl. 758; *Conners* v. *Public Service Elec. Co.*, 89 N. J. L. 99, 97 Atl. 794. The conclusion of dependency was one of fact, and one which might logically and reasonably have been drawn.

There is no error.

In this opinion the other judges concurred.