DANIEL ANTINOZZI v. D. V. FRIONE AND COMPANY, INC.

JENNINGS, BALDWIN, INGLIS, O'SULLIVAN and SHEA, Js.

Argued January 9—decided March 13, 1951

*George J. Yudkin,* with whom was *Harold B. Yudkin,* for the appellant (plaintiff).

*John E. McNerney*, with whom were *A. R. Moquet* and, on the brief, *Francis J. Moran*, for the appellee (defendant).

INGLIS, J.   The plaintiff is the owner of greenhouses located on his premises in Derby, where he is engaged in business as a florist.   Between September 27, 1946, and October 15, 1947, the defendant, in constructing a highway in the immediate vicinity of the greenhouses, carried on blasting operations which caused damage to them by flying fragments of rock and debris as well as by concussion and vibration.   This action to recover for the resulting damage was instituted October 21, 1948.   The complaint, as amended, contained three counts, the first alleging negligence, the second, nuisance arising out of negligence, and the third, that the defendant conducted the "blasting in such a manner that the concussions and vibrations and flying particles of rock and debris caused numerous window panes and glass in the Plaintiff's greenhouses to become cracked and broken."   The defendant by its answer denied the essential allegations of all three counts, and pleaded by three identical special defenses that each, in so far as it purported "to be a cause of action based upon negligence, did not accrue within one year next before the commencement of this action."   It is conceded that as to the first and second counts this constituted a valid defense.   The questions upon this appeal are concerned solely with the cause of action under the third count.   The plaintiff claims that this is founded on absolute liability for the ultrahazardous activity of blasting.   The court found that the defendant, in doing the blasting as it did, had engaged in an ultrahazardous activity which resulted in damage to the plaintiff, but concluded that the third count stated a cause of action based on negligence or reckless mis-

conduct and that, therefore, recovery was barred by the one-year Statute of Limitations which is now § 8324 of the General Statutes. The court rendered judgment for the defendant.

Section 8324 in so far as material provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, . . . shall be brought but within one year from the date of the act or omission complained of. . . ." Section 8316 states: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The gist of the plaintiff's claims made in the trial court was: The third count is founded on the defendant's absolute liability for damages caused by its intrinsically dangerous activity of blasting and is not a cause of action for damages due to negligence or reckless or wanton misconduct falling within the terms of § 8324; consequently the three-year limitation of § 8316, instead of that of one year under § 8324, applies, and therefore the action is not barred. The court overruled these claims. The history of the legislation from which § 8316 and § 8324 were finally evolved is reviewed in *Tuohey* v. *Martinjak*, 119 Conn. 500, 177 A. 721. The ultimate holding of that case is not now effective because of subsequent changes in phraseology and punctuation of what is now § 8324. It remains true that § 8316 is the Statute of Limitations as to torts in general and that § 8324 carves out particular classes of torts where the time for bringing the action is reduced from three years to one year. See *Miner* v. *McNamara,* 82 Conn. 578, 582, 74 A. 933. The only class relevant to the case at bar includes actions "to recover damages for injury to . . . real . . . property, caused by negligence, or by reckless or wanton misconduct. . . ." § 8324. The question determi-

native of the appeal is whether the plaintiff's cause of action under the third count is one of absolute liability as distinguished from one for negligence or reckless or wanton misconduct on the part of the defendant.

This question was before us in *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.*, decided this day. In that case we decided that one who discharges dynamite under such circumstances as necessarily or obviously to expose the property of another to the danger of probable injury is under our law absolutely liable, irrespective of negligence, for damage caused by the blast, whether the damage ensues from the hurling of debris or from vibrations or concussion. A cause of action for that damage does not sound in negligence, nor is it based on reckless or wanton misconduct. That holding is determinative of this case. Inasmuch as the trial court concluded that the defendant was absolutely liable for the results of its blasting, the one-year Statute of Limitations should not have been applied.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as on a new trial limited to that issue alone he may prove.

In this opinion, JENNINGS and SHEA, Js., concurred; BALDWIN and O'SULLIVAN, Js., concurred in the result.