KATRINA SCRANTON *v.* L. G. DEFELICE AND SON, INC., ET AL.

JENNINGS, BALDWIN, INGLIS, O'SULLIVAN and SHEA, Js.

Argued January 9—decided March 13, 1951

*Joseph I. Sachs,* with whom, on the brief, was *Harry L. Edlin,* for the appellants (defendants).

*Thomas F. Seymour,* with whom, on the brief, was *Joseph B. Morse,* for the appellee (plaintiff).

INGLIS, J.  This action was brought to recover for damage to the plaintiff's real property resulting from vibrations caused by blasting done by the defendants. The complaint is in three counts, the first sounding in negligence and the third in nuisance, while the second is based on claimed absolute liability for the use of an intrinsically dangerous explosive. The trial court found the issues on the second and third counts for the plaintiff and awarded her damages.  In view of our conclusions as to the second count, it will not be necessary to consider the third.

In spite of an excessive number of assignments of error directed at the finding, there is no reason to make any changes therein. It may be summarized briefly: The plaintiff, in the month of February, 1948, and for some time prior thereto, was in the process of erecting a dwelling house and garage on property owned by her on Long Hill in the town of Woodbridge. The foundation of the house was concrete set upon a ledge of rock; the exterior walls were of cinder block covered by plaster; the interior floors were of concrete and the interior walls were of plaster on metal lath. The garage was of similar construction. The defendants, in a joint venture, pursuant to a contract which they had with the state of Connecticut, were general contractors for the construction of the Wilbur Cross Parkway. The center line of the layout of that highway ran east and west about 500 feet south of the plaintiff's house and through the same ledge of rock as that upon which the house stood.

By February 10, 1948, the plaintiff's garage had been completely inclosed and the dwelling had been completed to the extent that the interior walls had been plastered. In connection with the construction of the highway, the defendants used a form of dynamite known as Gelamite to blast through the ledge of rock and, in particular, on the afternoon of February 10 discharged a blast of 750 pounds of such dynamite, using direct action caps. Upon the discharge of this blast, the plaintiff's house and garage shook to a marked and noticeable extent and cracks appeared in the interior and exterior plaster of both buildings. The blasting operation with the intrinsically dangerous substance of dynamite was carried out in such a way as necessarily and obviously to expose the plaintiff's structures to damage.

The trial court concluded that the blast was the

cause of the cracks which developed in the plaintiff's plaster, that although the defendants had not been negligent they were liable for the damage which resulted from the blast and that the plaintiff should recover of the defendants as damages the reasonable cost of repairing the cracks.

Upon this appeal the defendants make, in the main, three contentions: The first is that the trial court could not reasonably have concluded that the blast was the cause of the damage. The second is that, inasmuch as whatever damage was caused by the blast resulted from vibrations transmitted through the earth rather than from debris thrown on the plaintiff's property, the defendants would be liable only in the event that they were negligent. The third contention is that, because the blasting was done pursuant to a contract with the state of Connecticut and in furtherance of a governmental project, the defendants were entitled to the same immunity from liability as the state would have been entitled to if the blast had been discharged by its employees.

As regards the first contention, the conclusion of causation may not be disturbed if the subordinate facts reasonably support it. *Taylor* v. *Dennehy*, 136 Conn. 398, 403, 71 A. 2d 596; *Colligan* v. *Reilly*, 129 Conn. 26, 29, 26 A. 2d 231; *Rinaldi* v. *Prudential Ins. Co.*, 118 Conn. 419, 425, 172 A. 777. The finding that the blast in question was followed immediately by a marked and noticeable shaking of the plaintiff's buildings and that cracks then appeared in the exterior and interior plaster is ample under the circumstances to justify the conclusion that the cracks resulted from the blast.

The second contention is the same as the one made by the defendants in *Whitman Hotel Corporation v. Elliott & Watrous Engineering Co.*, decided this day.

In that case, we held that under the law of this jurisdiction one who explodes the intrinsically dangerous substance of dynamite under such circumstances that it necessarily or obviously exposes the property of another to the danger of probable injury is absolutely liable, irrespective of negligence on his part, for damage which results from the explosion, even though that damage is due only to vibrations of the earth or concussion of the atmosphere. That holding is decisive of the question raised by the contention of the defendants in this case.

As regards the third claim of the defendants, it is true that in some jurisdictions it is held that one who acts as the agent of government by virtue of a contract or otherwise is not liable for damages which result indirectly from what the government has commanded him to do. *Benner* v. *Atlantic Dredging Co.*, 134 N. Y. 156, 161, 31 N. E. 328; *Nelson* v. *McKenzie-Hague Co.*, 192 Minn. 180, 183, 256 N. W. 96. Although there may be some confusion arising out of dicta, for the most part such cases do not go so far as to grant immunity from liability for damage which is so direct as to constitute something like trespass. 1 Street, Foundations of Legal Liability, p. 45. In this jurisdiction the matter was discussed in *Platt Bros. & Co.* v. *Waterbury*, 72 Conn. 531, 550, 45 A. 154, in which the defendant, acting pursuant to authority granted it by the General Assembly, had polluted a stream with sewage to the damage of a riparian owner. We held the defendant liable, saying: "The injury described by the complaint is not a mere consequential damage, like that resulting from the lawful use of one's own property, or the lawful exercise of governmental power; it is a direct appropriation of well recognized property rights within the guaranty of the constitution. . . ." See also *Southern New Eng-*

*land Ice Co.* v. *West Hartford,* 114 Conn. 496, 504, 159 A. 470. We have also said that a municipality discharging fireworks in its governmental capacity would not be immune from absolute liability for injuries resulting therefrom if the act of discharging them was in itself intrinsically dangerous. *Pope* v. *New Haven,* 91 Conn. 79, 83, 99 A. 51. We conclude, therefore, that the defendants were not immune from liability for damages which resulted directly from their acts simply because those acts were done in pursuance of a contract with the state. It is true that the state itself may not be sued without its consent. *Anselmo* v. *Cox,* 135 Conn. 78, 81, 60 A. 2d 767. But the defendants are not the state and we can conceive of no reason why they should be immune. In this connection we have not overlooked *Belhumuer* v. *Bristol,* 121 Conn. 475, 478, 185 A. 421, and *McManus* v. *Jarvis,* 128 Conn. 707, 709, 22 A. 2d 857. Those cases were decided under a statute which permitted the state highway commissioner to legally close a highway to traffic while it was under repair. We interpreted that statute as meaning that any person who traveled on such a closed highway assumed the risk of injury incident to such travel, whether it was created by the highway commissioner or by the contractor engaged by the state to make the repairs. Accordingly, the defense of assumption of risk, which it was held the contractor had, was one accorded to him by the provisions of the statute and not on any theory of governmental immunity. In the present case, as we hold in the *Whitman Hotel Corporation* case, supra, the damages sustained by the plaintiff resulted directly from the defendants' use of dynamite and, therefore, the defendants gain no immunity from liability by reason of the fact that their blasting operations were done in accordance with their contract for the construction of a highway.

There is no error.

In this opinion JENNINGS and SHEA, Js., concurred; BALDWIN and O'SULLIVAN, Js., concurred in the result.