JACK GREENBERG *v.* ELECTRIC BOAT COMPANY ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued May 10—decided May 31, 1955

*Morgan P. Ames,* with whom, on the brief, was *Jacob Rapoport,* of the New York bar, for the appellant (plaintiff).

*Frank E. Dully,* with whom, on the brief, were *Edward D. O'Brien* and *Francis J. McCarthy,* for the appellees (defendants).

PHILLIPS, J. The plaintiff was employed as a stage builder by the Electric Boat Company, hereinafter referred to as the defendant. He claimed that in October, 1942, while tearing down a wooden staging around a submarine, he was struck on the head by a plank and that as a result a large tumor, known as a meningioma, formed in his head. The tumor

was removed by an operation in September, 1950. The commissioner found that there was no causal connection between the blow on the head and the tumor, and the Superior Court, on appeal, sustained the finding and award denying compensation.

On the plaintiff's motion, the commissioner corrected the finding in certain respects, and on appeal the Superior Court added certain facts to the finding. No further corrections of the finding by this court are justified by the evidence (Practice Book § 310) except in certain minor particulars which are incorporated in the following summary of facts relevant to the appeal. Prior to October, 1942, the plaintiff was in good physical and mental health. In that month, while working for the defendant, he was struck on the right frontal area of the head by a plank measuring sixteen feet by ten inches by two and one-half inches. The blow produced a lump but did not cut the scalp and did not cause the plaintiff to fall or become unconscious. He visited the infirmary two days later and again two weeks after the accident, but no medical attention was given him. On the second visit, the nurse looked at the bump and said it would go away. The plaintiff continued work until April, 1943, and then returned to his former occupation of farming. For two years from July, 1946, he was under the care of a neuropsychiatrist for symptoms of mental illness considered to be psychogenic, and he received electroshock therapy. In August, 1948, he was admitted to Norwich State Hospital, where his condition was diagnosed as dementia praecox, or schizophrenia, of an undetermined type. His vision was normal, and an electroencephalogram disclosed post-shock residual but did not disclose a tumor. He was released from the hospital in December, 1948, on an extended-visit

status and went to work in New York. In the summer of 1950 he began to grow blind. In September, 1950, he came under the care of Dr. Sidney W. Gross, a neurosurgeon at Mount Sinai Hospital, who performed a bifrontal craniotomy and removed a large benign tumor, known as a meningioma, which occupied both frontal fossae. The plaintiff has become industrially blind, and his blindness was caused by the meningioma. Dr. Gross, an expert in neurosurgery, on the basis of his examination of and operation on the plaintiff, was of the opinion that the 1942 injury was causally related to the meningioma. Dr. Richard C. Buckley, a neurosurgeon in Hartford, who reviewed the history and records in the case but had never seen the plaintiff, testified that there was no causal connection between the blow on the head and the growth of the meningioma. There is no proof that a meningioma is caused by trauma. There was no evidence that the plaintiff received a severe injury to his skull, meninges or brain by the blow on his head. A meningioma is a type of tumor which grows slowly and requires several months for the development of symptoms.

The basic question on this appeal is whether the trial court erred in sustaining the commissioner's conclusion that there was no causal relation between the blow on the head which the plaintiff received in 1942 and the growth of the meningioma. This is a conclusion of fact and as such must be sustained unless the commissioner applied an illegal standard in reaching it, or drew a conclusion which the subordinate facts did not justify, or found a fact material to this conclusion without evidence or against the evidence. *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 299, 114 A. 109; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 153, 93 A. 245.

The finding as corrected makes it clear that the question of causality was resolved in the defendant's favor upon a sharp conflict in medical opinion. It is axiomatic that a finding based upon the opinion of experts, where there is a conflict, must stand. *Marschner* v. *American Hardware Corporation,* 141 Conn. 742, 746, 110 A.2d 461; *Burdick* v. *United States Finishing Co.,* 130 Conn. 455, 458, 35 A.2d 405; Practice Book § 312. Recognizing this, the plaintiff claims that the opinion of the defendant's expert, Dr. Buckley, on which the commissioner relied, was not one which the rational mind could reasonably reach on the facts and hence that it was error in law for the commissioner to accept it. It is true that an opinion of an expert may be so unreasonable, because the grounds on which it rests are unreasonable, as to make it an error of law for a court to base its decision upon the opinion. *Driscoll* v. *Jewell Belting Co.,* supra. Because of the seriousness of the injuries in the present case, we have examined all the evidence certified by the commissioner with care to determine if the opinion of Dr. Buckley fell within this category. It is to be borne in mind that the rule must be applied in the light of the principle that a conclusion reached upon comparison and examination of conflicting professional opinion can rarely be found erroneous in law in the absence of bad faith. *Driscoll* v. *Jewell Belting Co.,* supra, 300; *Kulak* v. *Landers, Frary & Clark,* 120 Conn. 606, 608, 181 A. 720. Particularly is this so in such a highly controversial field as the relationship of trauma to the development of a tumor.

In *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 714, 134 A. 259, on which the plaintiff relies as furnishing the test of acceptability of a medical opinion, it is stated that the trier cannot himself

reach a definite conclusion when he has nothing to rely upon but the opinion of a medical witness who is unable to reach the definite conclusion which the court is required to reach upon the same facts. In the instant case, the defendant's medical expert stated his definite, unequivocal opinion that the meningioma of the plaintiff was not caused by the blow he received in 1942. In this regard, the test laid down in the *Madore* case, supra, is satisfied.

The plaintiff, in brief and argument, has exhausted every possible line of attack upon the reasonableness of Dr. Buckley's opinion, as tested by the grounds, and the sources of knowledge of the particular case, upon which it rests. To analyze and answer all of the plaintiff's contentions in this regard would extend this opinion to an unjustifiable length. We mention, however, a few of the bases of the expert's opinion which the plaintiff most strongly attacks. The statement of Dr. Buckley that "there is no proof that meningiomas are caused by trauma" was merely his belief on a much debated point, and the commissioner accepted it. It was only one of the bases for the opinion of the doctor. He went on to give other reasons, including the medical history of the plaintiff and the circumstances of the trauma. The hypothetical question propounded to him included substantially all the relevant facts in evidence. In answering it, he must have assumed, even though he did not believe, that trauma can be the cause of a meningioma, and his answer indicated that, nevertheless, in this particular case it was not the cause. The plaintiff's claim that the doctor's other reasons for his opinion were unsound concerned matters which were for the commissioner to consider in determining the weight to be given the doctor's evidence; in the same category

was the fact that Dr. Buckley never saw the plaintiff and did not participate in the operation or discuss the case with Dr. Gross.

We have no hesitancy in concluding that the opinion on which the commissioner relied was an honest one, by an acknowledged expert in the field, and was one which the rational mind could reasonably reach upon the established facts. *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714, 134 A. 259. Whether we would have reached a like conclusion on the question of causation had we been charged with the duty of determining this issue upon the conflicting medical testimony is beside the mark. *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 300, 114 A. 109.

There is no error.

In this opinion the other judges concurred.