ALICE VAN DETTI *v.* PARSONS BROTHERS, INC., ET AL.

DALY, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 3—decided March 31, 1959

*Edgar W. Krentzman,* with whom was *Noel R. Newman,* for the appellants (named defendant et al.).

*J. Kenneth Bradley,* with whom was *Edgar W. Bassick III,* for the appellee (plaintiff).

KING, J. The plaintiff, a pedestrian, recovered for injuries claimed to have been sustained when she was struck by a thirty-pound package of pipe which fell from the cargo of a passing motor truck owned by the named defendant and operated by the defendant Goslee, whose agency was admitted. Other than lacerations and abrasions, for which she was immediately hospitalized, most of her symptoms were subjective.

The defendants' appeal is defective in form, since it was taken from the denial of a motion to set aside the verdict rather than from the judgment. As the plaintiff did not, within ten days after the appeal was filed, make a motion to dismiss it in accordance with the provisions of Practice Book § 436, she is deemed to have waived the defect. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 75, 111 A.2d 547.

The only error assigned is in a portion of the charge relating solely to the issue of damages. The physician attending the plaintiff, as well as a neurosurgeon called in to treat her, attributed her condition to the accident. The defendants offered no

evidence that her symptoms were not attributable to the accident or that she had reached the menopausal state in life. They did offer evidence that at the time of the accident she was about forty-eight years old, and on cross-examination of the neurosurgeon they elicited that he had neither inquired nor ascertained whether the plaintiff had reached the menopausal state. The finding discloses no medical testimony that her symptoms were identical with those normally associated with the menopausal state or that they were even similar. It merely states that the defendants offered evidence to prove and claimed to have proved that all the symptoms complained of and described by the plaintiff to the neurosurgeon *"probably* would be *included* in the symptoms normally associated with the menopausal state in life [italics supplied]." There was no claim of medical testimony that the menopausal state would not include other and additional symptoms, or that a cause of the plaintiff's condition was the menopausal state instead of the accident.

The portion of the charge complained of was as follows: "The question asked by . . . [counsel for the defendants of the plaintiff's neurosurgeon], as to whether the plaintiff's symptoms could have been caused by a change of life, was described by plaintiff's counsel in closing argument as despicable. The Court does not so regard it, in view of the age of . . . [the plaintiff] at the time of the accident. The plaintiff has the burden of proving that her injuries were caused by the accident. The question merely suggested another possible cause. The plaintiff countered with the plaintiff's own testimony that she had had no change of life. This possible factor in the absence of further evidence produced by the defendants, was thus removed from the case. I do not

wish to magnify this matter. The possibility of a change of life as a cause of plaintiff's symptoms was effectively removed from the case. I merely mention this, because you should attach no opprobrium or blame to the defendants or their counsel by reason of this inquiry, which was not an improper one to make under the circumstances." The defendants' counsel excepted at the close of the charge, stating in effect that "since the doctor said . . . [the] symptoms [which the plaintiff had] were similar to those produced by menopause," the question whether the plaintiff had reached her menopause was one of fact which should have been allowed to go to the jury. The finding indicates that the court took no action on the exception. The finding does not contain the exact question asked of the neurosurgeon, his exact answer, or the exact remark of the plaintiff's counsel in argument, but it does not support the inference which might be drawn from the charge —that there had been medical testimony that a menopausal state was a possible cause of the plaintiff's condition. Neither does the finding support the statement in the exception that there had been medical testimony that the plaintiff's symptoms were "similar to those produced by menopause."

It is obvious that the court's basic purpose in charging in the language complained of was the laudable one of protecting the defendants from being prejudiced by a remark of the plaintiff's counsel, in the course of his argument, which the court thought should not have been made. The court's charge was, however, erroneous in so far as it in effect instructed the jury that the testimony of the plaintiff that she had not yet reached the menopausal state in life was indisputably true. *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 20, 118 A.2d 798.

The court should have responded to the exception, and it remains to determine whether the error in the charge was harmful. For this purpose we assume that the jury, but for the charge, would have found that the plaintiff was in a menopausal state.

The jury are not obliged to accept the ultimate opinion of an expert witness. If, for example, they do not find him a credible witness, they will reject his opinion regardless of whether they believe or disbelieve the subordinate facts on which the opinion is based. *Sibley* v. *Middlefield,* 143 Conn. 100, 108, 120 A.2d 77; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 667, 136 A.2d 918; *Livingstone* v. *New Haven,* 125 Conn. 123, 127, 3 A.2d 836. And the jury must reject the opinion of an expert to the extent that it is based on subordinate facts which they do not find proven. *Floyd* v. *Fruit Industries, Inc.,* supra, 666; 20 Am. Jur. 668, § 796. The jury's reasons for discrediting the medical opinion of an expert may not, however, be based on opinions of their own on medical subjects which have no support in the testimony of medical witnesses. In a specialized field of knowledge, where opinion evidence from a lay witness would be inadmissible, jurors may not utilize their own lay opinions. *Bates* v. *Carroll,* 99 Conn. 677, 679, 122 A. 562; *Sickmund* v. *Connecticut Co.,* 122 Conn. 375, 379, 189 A. 876; *Johnson* v. *Toscano,* 144 Conn. 582, 592, 136 A.2d 341.

Here there is nothing to indicate that the expert witness based his opinion on the assumption that the plaintiff either had or had not reached the menopause or that the presence or absence of that condition would alter his opinion or the strength of his belief in its accuracy. The jury, as laymen, could not find, nor could a lay witness have testified, that the presence or absence of the menopause should have

been included in the facts on which the expert based his opinion, or that it should have entered into the formation of his opinion, or that if the plaintiff had in fact reached the menopause, that condition, rather than the accident, was a possible cause of her symptoms. Indeed, the finding discloses no medical testimony even suggesting that there was any possibility that her symptoms were, or could have been, caused by menopause. For the jury to have indulged in such a conjecture would have been wholly improper.

The fundamental fault in the defendants' reasoning is that it is based on the false premise that the jury, without any support in medical evidence, could properly infer that certain symptoms of the plaintiff were or might have been caused by menopause instead of by the accident and, on this ground, could reject the opinion of her medical witnesses. Such an inference was not one which a layman could draw. The cases of *Dickson* v. *Yale University,* 141 Conn. 250, 254, 105 A.2d 463, *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 A. 739, and *Ruerat* v. *Stevens,* 113 Conn. 333, 338, 155 A. 219, cited and relied upon by the defendants, involved the propriety of inferences as to matters which were in the field of ordinary knowledge. Those cases are irrelevant to, and in no way support, the defendants' claim in the instant case. The error in the charge was harmless.

There is no error.

In this opinion the other judges concurred.