ROBERT J. KING ET AL. v. THE NEW HAVEN TRAP ROCK COMPANY

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 3, 1959

*John F. Downes,* for the appellant (defendant).

*Samuel S. Goldstein,* with whom, on the brief, was *I. Oscar Levine,* for the appellees (plaintiffs).

KING, J.   The plaintiffs, husband and wife, recovered judgment for damage to their residence by reason of a blast set off by the defendant on December 20, 1955.   There was no claim that any rocks and debris were hurled onto the property.   The claim was for damage caused by vibration and concussion under the rule of cases such as *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 571, 79 A.2d 591, and *Antinozzi* v. *D. V. Frione & Co.,* 137 Conn. 577, 580, 79 A.2d 598.

The defendant offered expert testimony, based on seismological data, to the effect that the plaintiffs' residence was outside the zone of danger and could not have sustained any damage whatsoever from the blast.   The plaintiff Eileen King testified that almost immediately after the blast she saw a crack in the living room wall, which had been previously undamaged, and that the water service, which previously had worked properly, was diminished.   Expert testimony was not, as matter of law, essential to prove injury to the plaintiffs' property.   See *Cackowski* v. *Jack A. Halprin, Inc.,* 133 Conn. 631, 636, 53 A.2d 649; *Scranton* v. *L. G. DeFelice & Son, Inc.,* 137 Conn. 580, 583, 79 A.2d 600.   And the court was not compelled to credit the defendant's expert testimony.

*Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 286, 150 A.2d 200. There is nothing to the contrary in *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 299, 114 A. 109, *Burdick* v. *United States Finishing Co.,* 130 Conn. 455, 458, 35 A.2d 405, and *Greenberg* v. *Electric Boat Co.,* 142 Conn. 404, 407, 114 A.2d 850, the three cases cited and relied upon by the defendant. The court was entitled to accept Mrs. King's testimony, instead of that of the defendant's expert, as to the damage caused her home by the blast, and to find that reasonable compensation therefor would be $175.

The court also allowed $84 for damage to the water service line. The defendant makes the technical claim that the court failed explicitly to find that the blast damaged the line. While, as is brought out in the dissenting opinion, the finding should have been more precise, it is obvious, in the light of the memorandum of decision (*Vitale* v. *Gargiulo,* 144 Conn. 359, 366, 131 A.2d 830) that the intention expressed in the language used, fairly construed, was that the blast caused the diminished water service by creating a leak in the service line, that the laying of a new line was required to repair the damage, and that reasonable compensation for this item was $84.

There is no error.

In this opinion DALY, C. J., BALDWIN and MELLITZ, Js., concurred.

MURPHY, J. (dissenting in part). I concur in so much of the majority opinion as finds no error in the award of $175 to cover the damage to the living room wall in the plaintiffs' home. I disagree that there is any finding of fact or conclusion of law to sustain the inclusion of the amount of $84 for dam-

age to the water service. Nor does the memorandum of decision help. Nowhere in the finding or in the memorandum does the trial court find that any damage to the water service was caused by the blasting. The court found that the water pipe was leaking but studiously avoided finding the cause of the leak. A trial judge should no more speculate than a jury.