[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action for damages against the defendant McElhone for damages claimed to have been caused by vibration and/or concussion. The defendant offered expert testimony that the damage was not caused by the defendants' blasting. While the defendants' expert testimony was impressive, the court was more impressed with the plaintiffs' own testimony concerning the absence of any damage and the immediate observation of a very substantial crack in the front of the foundation which was observed within a short period of time after the blasting. The court concludes as a matter of fact that the damages were a direct and immediate result of the blasting and not the sudden emergence of a very substantive settlement crack in the foundation. The court is also satisfied that the damage to the kitchen floor and the sheetrock walls were caused by the blasting. The facts found bring the case clearly within King v. The New Haven Trap Rock Company, 146 Conn. 482, 483
(1959).
As to the question of damages, the plaintiffs, of course, have the burden of proof. While the court finds little difficulty in finding that the blasting caused the damage to the foundation of the plaintiffs' home, it is not at all satisfied with the proof of damage as to the foundation. The major problem is that the plaintiffs' expert, Andrej Jogodzinski, the architect, did not satisfy the court that the repairs he recommended were necessary.
The court did not conclude based on the testimony offered that there was structural damage to the wall requiring the kind of elaborate and extensive repair recommended. As no other alternative was offered and there was no other evidence from which the court could come up with any cost that was not based on guess or speculation, the court will not include any award for damages to the foundation in its award.
The court further finds that the damage to the kitchen floor was caused by the blasting and that it was proven by CT Page 3874 a preponderance of the evidence that it will be more likely than not that the entire floor will have to be replaced and that the reasonable cost of doing that is $4,500.00. It also finds that the damage (crack) to the sheetrock was caused by the blasting and that the reasonable cost of repair is $985.00.
The court, therefore, finds for the plaintiffs and awards judgment in the amount of $5,485.00.00 together with taxable costs.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT