[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT
On April 4, 2000, the plaintiff, Ellen Vaccarelli, filed a one-count amended complaint against the defendants, Ford Motor Company (Ford) and Crest Lincoln Mercury, Inc. (Crest). In her amended complaint, the plaintiff alleges a products liability cause of action pursuant to General Statutes § 52-572m in that Ford designed, manufactured, distributed, and sold a defective product to the plaintiff Specifically, the plaintiff alleges that on June 5, 1997, she was driving a 1997 Lincoln Continiental that she was leasing from Crest. The plaintiff alleges that while she was driving, her air bag deployed, striking her in the face, head and upper body, and causing her to lose control of her car, which collided with a parked car. The plaintiff alleges that the shoulder belt system failed to lock at impact, and the air bag system deployed in an untimely manner. On April 17, 2000, Ford filed an answer with eight affirmative defenses, including, inter alia, that the plaintiff is barred from recovery against Ford because she failed to preserve the vehicle at issue and its component parts, thereby prejudicing Ford in its defense of this case. On April 17, 2000, Crest filed an answer with seven affirmative defenses.
On December 21, 2000, Ford filed a motion for summary judgment, along with a memorandum of law and documentary evidence, on the grounds that there are no genuine issues of material fact, and that as a matter of law, the plaintiff cannot meet her burden of proof in this products liability action. On February 15, 2001, Ford filed a supplement to its memorandum in support of its motion for summary judgment, and the plaintiff filed an objection to the motion for summary judgment supported by a memorandum of law and affidavit.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, 727 A.2d 700 (1999).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material that . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . CT Page 8922 are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998).
Ford argues that an expert witness is necessary in this case in order to prove that the vehicle at issue had defective air bag and restraint systems. Ford argues that without expert opinion testimony jurors will be unable to determine whether the systems at issue were defective because of the special knowledge needed for such a determination. In response, the plaintiff argues that the average lay person is able to infer that an air bag system is defective when it deploys in the absence of impact. The plaintiff argues that because the purpose of an air bag is within the common knowledge of any juror, an expert witness is unnecessary.
"This court has long held that in order to prevail in a design defect claim, [t]he plaintiff must prove that the product is unreasonably dangerous. . . . We have derived our definition of unreasonably dangerous from comment (i) to [2 Restatement (Second), Torts, § 402A], which provides that `the article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'. . . This consumer expectation standard is now well established in Connecticut strict products liability decisions."Wagner v. Clark Equipment Co., 243 Conn. 168, 189, 700 A.2d 38 (1997).
"When the question involves an issue that is within the ordinary knowledge and experience of judges and jurors, the trial court's decision does not need to be supported by expert testimony." Water StreetAssociates Ltd. Partnership v. Innopak Plastics Corp., 230 Conn. 764,772-73, 646 A.2d 790 (1994); Latham Associates, Inc. v. William RaveisReal Estate, Inc., 218 Conn. 297, 301, 589 A.2d 337 (1991); Sun HillIndustries, Inc. v. Kraftsman Group, Inc., 27 Conn. App. 688, 696,610 A.2d 684, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992). Generally, "the testimony of an expert witness is necessary to establish both the standard of proper professional skill or care on the part of a physician." Barrett v. Danbury Hospital, 232 Conn. 242, 252, 654 A.2d 748
(1995). A number of courts have held, however, that expert testimony is not required to prove the following: the effect of operating a gasoline station on traffic safety; Gulf Oil Corp. v. Board of Selectman,144 Conn. 61, 65, 127 A.2d 48 (1956); that injuries sustained on the plaintiff's property were caused by the defendant's blasting; King v. NewHaven Trap Rock Co., 146 Conn. 482, 483-84, 152 A.2d 503 (1959); that the failure to erect a porch railing was negligent; Bader v. United OrthodoxSynagogue, 148 Conn. 449, 454, 172 A.2d 192 (1961); that a fence erected CT Page 8923 around an area where blasting occurred was insufficient to guard against injuries; Bonczkiewicz v. Merberg Wrecking Corp., 148 Conn. 573, 580,172 A.2d 917 (1961); and that the defendant breached his duty to warn the plaintiff of the danger presented by the ocean's water conditions.Ciarlelli v. Romeo, 46 Conn. App. 277, 283-84, 699 A.2d 217, cert. denied, 243 Conn. 929, 701 A.2d 657 (1997).
In Kroll v. Mazda Motor of America, Inc., Superior Court, judicial district of Ansonia-Milford, at Milford, Docket No. 060070 (Mar. 27, 2000, Grogins, J.) (26 Conn.L.Rptr. 472), the court held that an expert witness was not required because the issue of whether the brake system was defective and caused the plaintiff's injuries was not outside the ordinary knowledge of the jurors. In Woods v. General Motors Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516326 (January 26, 1996, Wagner. J.) (16 Conn.L.Rptr. 63), the court held that expert testimony was not required in order to prove that a braking system was defective, and stated that "[a]lthough it could be argued that in many cases a layman would not have the knowledge to determine whether a vehicle is defective, we find no Connecticut case which has expanded the requirement of expert testimony . . . in a products liability action." Furthermore, the court stated that "[t]his conclusion is supported by 63 Am.Jur.2d 281, Products Liability § 243 (1984) which, although acknowledging the value of expert testimony, states that `the absence of expert testimony is not fatal to proof of a defect where the facts otherwise indicate the strong probability that a defect caused the injury.'" Id.
In support of its motion, Ford cites Devra Predom v. Ford MotorCompany, Superior Court, judicial district of New Haven at New Haven, Docket No. 419156 (January 26, 2001, Levin, J.), where the court recently granted a motion for summary judgment because the plaintiffs failed to submit expert testimony indicating that the air bag was defective. The court stated that "[i]n light of the . . . exceptionally complicated nature and regulatory requirements regarding air bags, expert evidence is required." Id. Ford also cites Liselia v. Ford Motor Company, United Stated District Court, Docket No. 2001 (D.Conn. October 26, 1999), in which the court ruled that expert testimony was necessary to show that the restraint systems were defective where an air bag inflated belatedly and where the plaintiff's seat belt failed to stop his forward motion. See id. The court held that "where the issue concerns a product's design . . . it would seem that expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective." Id.
In response to Ford's argument, the plaintiff argued during the short calendar hearing, held on February 20, 2001, that Lisella and Devra were CT Page 8924 distinguishable from the facts of this case because those cases involved an air bag that inflated too late in order to protect the driver, and thus, the mechanics of the air bag and its timing device needed to be attested to by an expert. The plaintiff argues that, unlike Lisella andDevra this case concerns an air bag that deployed without impact, which the average lay person knows should never occur.
The issue of whether the air bag was unreasonably dangerous when it allegedly deployed without impact is not a question that goes beyond the field of ordinary knowledge and experience of judges and jurors. See SunHill Industries, Inc. v. Kraftsman Group, Inc., supra,27 Conn. App. 697. An expert witness is not necessary in this case because it is general knowledge that air bags should never deploy without impact. In addition, it is general knowledge that if an air bag at the driver's seat deploys without impact, it could put the driver and passengers of the car in unreasonable danger because the driver could lose their ability to drive the car safely. "[T]he jury can draw their own reasonable conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large." Potter v. Chicago PneumaticTool Co., 241 Conn. 199, 225, 694 A.2d 1319 (1997).
With respect to the seat belt system, the court finds that expert testimony is not necessary in this case because, like the air bag system, the purpose and operation of a seat belt is within the ordinary knowledge of a judge and jury. For example, seat belts are supposed to reduce the chance of injury by restraining the driver and passengers of a vehicle when the vehicle suddenly brakes or stops. If the seat belt fails to restrain the driver and passengers under these circumstances, such failure could be unreasonably harmful to them.
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, supra, 243 Conn. 554. "[I]t is not necessary that the plaintiff in a strict tort action establish a specific defect as long as there is evidence of some unspecified dangerous condition." (Internal quotation marks omitted.) Potter v. Chicago Pneumatic Tool Co., supra,241 Conn. 225. "The fact finder can find, where other identifiable causes are absent, that the mere evidence of a malfunction is sufficient evidence of a defect." (Internal quotation marks omitted.) Id., 218, quoting Kileen v. General Motors Corp., 36 Conn. Sup. 347, 349,421 A.2d 874 (1980).
Here, the plaintiff submitted affidavit evidence indicating that the air bag deployed while she was driving her car. As a result, she states CT Page 8925 that the air bag burned her body and caused her to collide with a parked car. (Vaccarelli Affadavit.) In addition, the plaintiff states that at the time she collided with a parked car, the seatbelt she was wearing failed to hold her in a stationary position, thereby causing her to incur facial and chest injuries. (Vaccarelli Affadavit.) The plaintiff also indicates in her affidavit that "[t]here was nothing in the car that could have caused my burns except the explosion of the air bag." (Vaccarelli Affidavit.)
Ford argues that the plaintiff's testimony alone is not sufficient evidence to support her allegations that the air bag and seatbelt systems were defective. The court finds that, "[a]lthough the [plaintiff has] been unable to identify a specific defect in the vehicle, by affidavit [she has] arguably eliminated the other identifiable cause for the accident, operator error and circumstantially established that the vehicle was defective and rebutted the evidence presented by the defendant in support of their motion for summary judgement. While the credibility of [the plaintiff's] testimony is a question for the jury, a genuine issue of material fact has been established as to whether the [air bag and seat belt were] defective." (Internal quotation marks omitted.) Kroll v. Mazda Motor of America, Inc., supra, Superior Court, Docket No. 060070; Woods v. General Motors Corp., supra,16 Conn.L.Rptr. 63.
Ford also argues that the plaintiff has absolutely no physical evidence to prove that the air bag and seat belt were defective because the plaintiff is no longer in possession of the subject vehicle or any of the parts of the vehicle that are the subject of this case. Ford argues that without any physical evidence to prove that there was a defect, the jury cannot be left to speculate on the cause of the plaintiffs injuries. In addition, Ford alleges that because it is unable to inspect the air bag and seatbelt at issue, it has be prejudiced in its defense of this action.
Our Supreme Court in Beers v. Bayliner Marine Corp., 236 Conn. 769,675 A.2d 829 (1996), held that a party is not entitled to summary judgment when an opposing party intentionally spoils evidence, but that "a trier of fact may draw an inference from the intentional spoilation of evidence that the spoiled evidence would have been unfavorable to the party that destroyed it." Id., 775. The court, however, also stated that "[i]f, as a result of the innocent destruction of evidence, whether intentionally or inadvertently, the plaintiffs as a matter of law could not sustain their burden of proving liability, then summary judgment may be appropriate. For example . . . if the plaintiffs' claim had been limited to a defect in the motor that could be supported only by expert testimony based upon a visual inspection, and the evidence had not been inspected by an expert CT Page 8926 prior to spoilation, then summary judgment may be appropriate, not as a penalty, but because the plaintiffs would not be able to prove liability as a matter of law." Id. 780.
In applying the aforementioned standard to this case, as discussed supra, the plaintiff's allegations of a defective air bag and seatbelt do not require expert testimony based on visual inspection in order to prove liability. For the foregoing reasons, the court hereby denies the defendant Ford Motor Company's motion for summary judgement.
By The Court,
 ______________________ JOHN W. DOHERTY, JUDGE
CT Page 8931