CHRIST CHURCH PARISH ET AL. *v.* CADET CHEMICAL CORPORATION ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 29156

RUTH M. SHERIDAN, ADMINISTRATRIX (ESTATE OF WILLIAM J. SHERIDAN) *v.* CADET CHEMICAL CORPORATION ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 29119

192

Memorandum filed March 23, 1964

*Levine & Katz,* of Hartford, for the plaintiffs in the first case.

*Gilman, Jacobson, Laudone & Dutton,* of Norwich, for the plaintiff in the second case.

*Howard, Kohn, Sprague & Fitzgerald,* of Hartford, for defendant Red Star Express Lines of Auburn, Inc. in each case.

*Waller, Smith & Palmer,* of New London, for defendant Van Tassel Leather Co. in each case.

*Wiggin & Dana,* of New Haven, for defendant McKesson & Robbins, Inc. in each case.

*Leone, Dana & Throwe,* of East Hartford, for defendants Champs Express, Inc. and Richard J. Kane in each case.

*William J. Willetts,* of New London, specially for named defendant in each case.

LONGO, J. The above-entitled actions—two of many similar ones—arose out of a chemical explosion which occurred on April 3, 1962, in Norwich, Connecticut. The defendants were engaged in transporting approximately twenty tons of various chemical substances which were alleged to contain inherently dangerous explosive properties. Shortly after the arrival in Norwich of the defendants' tractor and trailer, and while it was still loaded, the chemicals are alleged to have decomposed, causing a vio-

lent explosion which resulted in the death of four firemen and injuries to other persons, as well as damage to property. In the eighth count of the amended complaints, the plaintiffs allege that the deaths and damage were the result of the ultrahazardous activities of the defendants "in transporting inherently dangerous explosive chemicals along public highways for profit."

The defendants have demurred to this claim on the ground that the eighth count fails to state a cause of action, in that the conduct complained of is not such that the defendants would be absolutely liable therefor, and further, because the plaintiffs failed to allege negligence or nuisance against the defendants or any other cause of action. The plaintiffs concede that the eighth count of each amended complaint does not purport to set forth a cause of action in negligence, nuisance or any cause of action other than absolute liability. The only issue raised by the demurrer is whether the plaintiffs have alleged a cause of action sufficient to support a recovery of damages predicated upon absolute or strict liability.

The defendants contend that the doctrine of absolute liability is limited by our decisions to the intrinsically dangerous operation of blasting by the use of explosives and does not, directly or indirectly, include the transportation or storage of an intrinsically dangerous substance. On the other hand, the plaintiffs contend that the doctrine should be extended to cases involving the transportation and storage of ultrahazardous chemical substances.

Prior to 1961, our Connecticut Supreme Court had applied the doctrine of absolute or strict liability exclusively to instances involving the use of blasting and dynamite. *Worth* v. *Dunn,* 98 Conn. 51, 59; *Welz* v. *Manzillo,* 113 Conn. 674; *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,*

137 Conn. 562; *Antinozzi* v. *D. V. Frione & Co.,* 137 Conn. 577; *Starkel* v. *Edward Balf Co.,* 142 Conn. 336; Wright, Conn. Law of Torts § 122, p. 178.

All counsel in their well-prepared briefs agree that the rule pertaining to absolute liability as adopted in Connecticut is stated in *Worth* v. *Dunn,* supra, where the court held as follows: A person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to probable injury, is liable if such injury results, even though he uses all proper care.

The operation of the rule applying to blasting and dynamite cases was extended in *Caporale* v. *C. W. Blakeslee & Sons, Inc.,* 149 Conn. 79 (1961), where the court held that the operation of a steam-powered pile driver was instrinsically dangerous and came within the rule imposing absolute liability. No cases have been decided in Connecticut extending the rule of absolute liability to carriers of dynamite or other explosive substances. In extending the doctrine of absolute liability, the court in the *Caporale* case, supra, 85, said: "To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed."

The plaintiffs have alleged that the defendants were engaged in the business of transporting goods for hire in interstate commerce. A common carrier, insofar as it is required to carry such explosives as are offered to it for carriage, is not liable for harm

done by their explosion, unless it has failed to take that care in their carriage which their dangerous character requires. Restatement, 3 Torts § 521, comment a. The distributor (carrier) of an inherently dangerous substance owes to the public the duty to exercise care commensurate with the danger of its distribution. He is not, however, an insurer of the safety of third persons. 65 C.J.S., Negligence, § 66 (b); *Reddick* v. *General Chemical Co.,* 124 Ill. App. 31. The weight of authority in other jurisdictions supports this rule. The liability of the carrier should be predicated upon its knowledge of the dangerous propensities of the substance it is transporting, together with its use of a standard of care commensurate with the dangerous character of the substance.

The court is of the opinion that the defendant carriers are not insurers rendering them liable absolutely for the explosion of the chemicals they were transporting.

The demurrer to the eighth count in each complaint is sustained. By agreement of counsel, the ruling also applies to the eleventh count in each complaint.