[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 21, 1997, the plaintiffs, Noel Heimer, Robert Heimer, Alison Heimer, and Madeleine Heimer, filed a sixty count complaint sounding in negligence, strict liability, and wilful misconduct against the defendants, Trevcon, Inc. ("Trevcon"), Martin Brothers Inc. ("Martin Brothers"), General Insurance Company of America ("General"), Surety Construction Company ("Surety"), and Cardinal Engineering Assoc., Inc. ("Cardinal"). The plaintiffs' action arises from property damage to their Cold Spring Street home and severe emotional distress, which they claim was caused by the defendants' pile driving and excavation CT Page 8501 work performed in the area of Orange Street near Cold Spring Street.
Counts 5, 15, 25, and 35 of the plaintiffs' amended complaint allege that Cardinal is strictly liable for damages to Noel Heimer, Robert Heimer, Alison Heimer, and Madeleine Heimer, respectively. Counts 45, 50, 55, and 60 of the plaintiffs' amended complaint allege that Cardinal was wilful in causing such damages to Noel, Robert, Alison, Madeleine, respectively. Counts 42, 43, 44, 47, 48, 49, 52, 53, 54, 57, 58, and 59 of the plaintiffs' amended complaint allege that Trevcon's, General's, and Surety's conduct was wilful and caused damages to Noel, Robert, Alison, and Madeleine, respectively.
On April 28, 1997, Cardinal filed a motion to strike counts 5, 15, 25, and 35 of the plaintiffs' amended complaint on the ground that these counts are legally insufficient "in that they fail to allege the necessary elements of a cause of action for damages sustained as a result of an alleged ultrahazardous activity." Cardinal moved to strike counts 45, 50, 55, and 60 on the ground that the plaintiffs have "failed to allege predicate facts beyond allegations of mere negligence that would state a cause of action based upon wanton or intentional misconduct." Cardinal also moves to strike the plaintiffs' claims of relief for punitive damages and attorney's fees, which are based upon counts 5, 15, 25, 35, 45, 50, 55, and 60. Pursuant to Practice Book § 155, Cardinal filed a memorandum of law in support of its motion. On May 7, 1997, Trevcon, General, and Surety filed a motion to strike counts 42, 43, 44, 47, 48, 49, 52, 53, 54, 57, 58, and 59 of the plaintiffs' amended complaint on the ground that the counts are legally insufficient in that they "fail to allege sufficient underlying facts upon which to assert a claim of wilful and wanton misconduct." Trevcon, General, and Surety's also move to strike the plaintiffs' claims of relief for punitive damages and attorney's fees, which are based upon counts 42, 43, 44, 47, 48, 49, 52, 53, 54, 57, 58, and 59. Pursuant to Practice Book § 155, Trevcon, General, and Surety filed a memorandum of law in support of their motion. On May 27, 1997, the plaintiffs filed objections to both motions to strike along with a memorandum of law in support of each objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
CT Page 8502 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion; to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of its motion to strike, Cardinal argues that the plaintiffs fail to state a cause of action in strict liability because the plaintiffs do not allege that the defendant was engaged in an ultrahazardous activity and that the defendant was carrying on an intrinsically dangerous activity. Cardinal also argues that the plaintiffs fail to allege wilful misconduct by Cardinal because the plaintiffs do not allege that Cardinal intended to cause the harm or acted with a "substantial certainty" that the harm would result.
The plaintiffs argue that the court should not grant Cardinal's motion to strike the counts sounding in strict liability because the plaintiffs' complaint alleges that the harm was caused by defendant's pile driving and that pile driving is deemed an ultrahazardous activity. The plaintiffs argue that the court should not grant Cardinal's motion to strike the counts sounding in wilful misconduct because the plaintiffs' complaint alleges Cardinal knew or should have known of the harm and continued to pile drive; thus Cardinal acted with the intent to cause the harm.
Pile driving is an ultrahazardous activity. Caporale v. C.W.Blakeslee Sons, Inc., 149 Conn. 79, 86, 175 A.2d 561 (1961). Strict liability "has traditionally been applied in cases involving blasting and explosives. Connecticut's sole extension beyond blasting cases is to damage from a concussion resulting from pile driving. Although liability was initially limited to CT Page 8503 damages directly caused by flying debris resulting from the explosion, this was in time expanded to include damage caused by concussion or vibration." Green v. Ensign-Bickford Co.,25 Conn. App. 479, 482-483, 595 A.2d 1383 (1991). "The operation of the rule applying to blasting and dynamite cases was extended inCaporale v. C.W. Blakeslee Sons, Inc., 149 Conn. 79 (1961), where the court held that the operation of a steam-powered pile driver was intrinsically dangerous and came within the rule imposing absolute liability." Christ Church Parish v. CadetChemical Corporation, 25 Conn. Sup. 191, 194, 199 A.2d 707
(1964).
Cardinal's motion to strike counts 5, 15, 25, and 35 must be denied because the plaintiffs, in each of these counts, allege that their injuries were caused by Cardinal's pile driving and that the defendant is strictly liable for said damages.
"To raise an allegation of wilful conduct, the plaintiff must clearly plead that the harm was caused by the wilful or malicious conduct of the defendants." (Internal quotation marks omitted.)Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,536-37, 546 A.2d 216 (1988). "Wilfulness and malice alike import intent. Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . [A]lthough the line between a highly foreseeable risk and an intentional tort often grows thin, it has always been deemed to exist . . . Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man could avoid, and becomes a substantial certainty . . . [A] strong probability is a different thing from a substantial certainty without which he cannot be said to intend the harm in which his act results." (Citations omitted; internal quotation marks omitted.) Mingachosv. CBS, Inc., 196 Conn. 91, 102-03, 491 A.2d 368 (1985).
Cardinal's motion to strike counts 45, 50, 55, and 60 must be granted because the plaintiffs fail to allege facts from which it could be found that Cardinal acted with the intent or substantial certainty that the pile driving would cause harm to the plaintiffs. In counts 45, 50, 55, and 60, the plaintiffs only allege that Cardinal knew or should have known that the pile driving was causing damage to their home. Plaintiffs do not allege how Cardinal knew of the harm being caused. Therefore, the plaintiffs have not alleged sufficient facts to meet the more demanding standard that intent or "substantial certainty" CT Page 8504 requires.
Accordingly, the plaintiffs' claims of relief for punitive damages and attorney's fees which are based upon counts 45, 50, 55, and 60 are stricken.
In support of their motion to strike, the defendants Trevcon, General, and Surety argue that the plaintiffs fail to allege a cause of action for wilful misconduct because the plaintiffs merely allege negligence in counts 42, 43, 44, 47, 48, 49, 52, 53, 54, 57, 58, and 59 of their complaint.
The plaintiffs argue that the court should not grant the defendants' motion to strike these counts sounding in wilful misconduct because the plaintiffs have alleged that the defendants knew or should have known of the harm and continued to pile drive; thus, the defendants acted with the intent to cause the harm.
"It is well established that causes of action for negligence and wilful or malicious conduct are separate and distinct causes of action. There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." (Internal quotation marks omitted.) Warner v. Leslie-ElliotConstructors, Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984).
Trevcon, General, and Surety's motion to strike counts 42, 43, 44, 47, 48, 49, 52, 53, 54, 57, 58, and 59 is granted because the plaintiffs' allegations in these counts only allege negligence and do not rise to the standard needed to allege wilful misconduct. See above discussion regarding Cardinal's motion to strike on the same ground. Accordingly, the plaintiffs' claims of relief for punitive damages and attorney's fees which are based upon counts 42, 43, 44, 47, 48, 49, 52, 53, 54, 57, 58, and 59 are stricken.
Howard F. Zoarski Judge Trial Referee